48 F.3d 1227
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Anthony Glen CARR, Plaintiff-Appellant,
v.
R. HIRSCHHORN; Rod Norrish, Health Administrator; Samuel
A. Lewis, Director, Arizona Department of
Corrections, et al., Defendants-Appellees.
 No. 94-15981.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 1
 Before: SCHROEDER, CANBY, and LEAVY Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Anthony Glen Carr, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in Carr's 42 U.S.C. Sec. 1983 action alleging defendants were delibertely indifferently to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 * Background
 
 
 5
 On January 17, 1991, Carr submitted a request for a prescription refill of hydrocortisone cream to treat his chronic dermatitis. After receiving the request, Dr. Hirshhorn reviewed Carr's medical records and requested that the nursing staff document any changes in Carr's skin condition. On January 31, 1991, Carr made another request to have his prescription refilled. Dr. Hirshhorn advised the medical staff to have Carr treat his ailment with anti-dandruff shampoo, Clearasil soap and Nivea cream, all of which could be purchased from the inmate store. On February 14, 1991, Carr made another request for a refill. Carr was examined by Dr. Hirshhorn on February 25, 1991, for an unrelated ailment. After the examination, Carr asked Dr. Hirshhorn for a refill of his prescription. Dr. Hirshhorn denied Carr's request.
 
 
 6
 Carr filed this section 1983 action alleging that Dr. Hirshhorn denied his request for a prescription refill without an examination and that this denial amounted to deliberate indifference to his serious medical needs.
 
 II
 Merits
 
 7
 We review the district court's grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). "Summary judgment is appropriate if the nonmoving party bears the ultimate burden of proof at trial as to an element essential to its case and fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element." City of Vernon v. So. Cal. Edison Company, 955 F.2d 1361, 1365 (9th Cir.1992), cert. denied, 113 S.Ct. 305 (1992). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 255 (1986) (citations omitted).
 
 
 8
 "Prisoners can establish an eighth amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs." Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir.1989). Prison officials may manifest a deliberate indifference to inmates medical needs when they deny, delay or intentionally interfere with needed medical treatment. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992).
 
 
 9
 Violation of the Eighth Amendment requires a prison official to have a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 296 (1991). To establish a viable Eighth Amendment claim, the claimant must show that prison officials knew of and disregarded a substantial risk of harm to the inmates health. See Farmer v. Brennan, 114 S.Ct. 1970, 1978-79 (1994). A difference of opinion about the proper course of treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Furthermore, mere negligence in treating a medical condition does not amount to a constitutional violation. Id.
 
 
 10
 Carr contends that the district court erred by granting summary judgment for defendants because there is a genuine issue of material fact as to whether Dr. Hirshhorn examined Carr prior to his final denial of Carr's request for a prescription. Carr also contends that Dr. Hirshhorn was deliberately indifferent to his serious medical needs by denying his initial request for a prescription refill without an examination. These contentions lack merit.
 
 
 11
 Carr submitted an affidavit stating that Dr. Hirshhorn denied his request for a prescription refill without a physical examination. In opposition, Dr. Hirshhorn submitted an affidavit stating that he closely examined Carr's facial area.
 
 
 12
 Although there appears to be a factual dispute regarding whether or not Dr. Hirshhorn examined Carr, the dispute does not concern a material fact. The undisputed facts establish that Dr. Hirshhorn examined Carr's medical records, observed Carr during an examination for an unrelated ailment and concluded that further use of hydrocortisone was currently inappropriate. Dr. Hirshhorn recommended a course of treatment which did not require prescription strength drugs and informed Carr to return if his condition began to deteriorate. Collectively, the facts show that Dr. Hirshhorn was not deliberately indifferent to Carr's medical needs. See Wilson, 501 U.S. at 297.
 
 
 13
 Carr's difference of opinion as to whether further treatment with hydrocortisone was necessary, does not establish deliberate indifference to his serious medical needs. See Sanchez, 891 F.2d at 242. Moreover, Carr failed to submit any evidence which demonstrates that a close examination was necessary to determine the appropriateness of discontinuing his hydrocortisone treatment. Thus, Dr. Hirshhorn's failure to examine Carr, if true, amounts to no more than mere negligence, which is insufficient to violate the Eighth Amendment. See id. Because Dr. Hirshhorn's alleged failure to examine Carr amounts to no more than mere negligence, Dr. Hirshhorn's initial and final denial of Carr's request for a prescription refill do not amount to an Eighth Amendment violation. See id.
 
 
 14
 Because Carr has failed to raise a genuine issue of material fact with respect to an essential element of his claim, the district court correctly granted summary judgment for the defendants. See City of Vernon, 955 F.2d at 1365.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3