94 F.3d 650
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis Paul EDDY, Plaintiff-Appellant,
v.
Rod NORRISH, Medical Supervisor; James Upchurch, Warden;
Tris Castle, Medical Assistant; Mary Winter,
Registered Nurse, et al., Defendants-Appellees.
 No. 95-15033.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 6, 1996.
Decided Aug. 16, 1996.
 
 Before: ALARCON, NORRIS and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dennis Paul Eddy ("Eddy") appeals from the district court's grant of summary judgment in favor of various employees of the Arizona Department of Corrections (the "prison officials") in Eddy's 42 U.S.C. § 1983 action. In his section 1983 action, Eddy alleged that his First and Eighth Amendment rights were violated because the prison officials were deliberately indifferent to his medical needs and failed to provide him with a diet adequate for his religious and dietary needs. Construing his pro se brief liberally, Eddy argues that reversal is warranted because the district court erred by granting the prison officials' motion for summary judgment, abused its discretion by denying his request for the appointment of counsel, and abused its discretion by denying various discovery and procedural motions. Because Eddy's complaint, even construed liberally, does not allege facts sufficient to state a claim for which relief can be granted, we affirm the district court's entry of judgment in favor of the prison officials. Because Eddy does not have a cognizable claim for relief, the remainder of the issues Eddy raises on appeal are moot.
 
 
 3
 Subsequent to the filing of his pro se brief, we appointed counsel to represent Eddy on this appeal pursuant to our Pro Bono Representation Project.[1] Eddy's appointed counsel filed a supplemental appellate brief which expands on Eddy's contention that the district court erred by denying his request for counsel and asserts that Eddy's constitutional right to access to the court system was violated. We conclude that we lack jurisdiction to resolve the denial of access claim raised in the supplemental brief. To the extent that Eddy's requests in district court for appointment of counsel raise the question of access to courts, the record establishes that the district judge did not abuse his discretion in not finding "exceptional circumstances" warranting appointment of counsel. United States v. 30.64 Acres, 795 F.2d 796, 799-800 (9th Cir.1986). To the extent that the claim of denial of access is based on Casey v. Lewis, 43 F.3d 1261 (9th Cir.1994), the authority for the argument has been vitiated by Lewis v. Casey, 1996 WL 340797 (U.S. June 24, 1996).
 
 I.
 
 4
 The order granting summary judgment disposed of Eddy's entire section 1983 action against the prison officials and Eddy timely appeals. Accordingly, this court has jurisdiction under 28 U.S.C. § 1291. To the extent that appointed counsel's supplemental brief requests a ruling that Eddy was denied access to the court system, we lack jurisdiction to decide this issue because it was not presented to the district court. Even construed liberally, Eddy's complaint does not state a claim for violation of his right of access to the courts. Consequently, the district court did not adjudicate this claim or render a final decision on it. See 28 U.S.C. § 1291 ("[t]he courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States").
 
 II.
 
 5
 On December 17, 1990, Eddy filed an action under 42 U.S.C. § 1983. On January 11, 1994, the prison officials moved for summary judgment. After Eddy failed either to oppose the motion or move for reconsideration, the district court entered judgment in favor of the prison officials on December 9, 1994. This court reviews a district court's grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 A.
 
 6
 The prison officials first argue that this court should affirm the order granting summary judgment because Eddy failed to file an opposition to their motion. We disagree. In granting the prison officials' motion, the district court appeared to rely on Local Rule 1.10 of the District of Arizona. The court explained that Rule 1.10 provides that failure by a nonmoving party to file an opposition is deemed consent to the granting of the motion. We have held, however, that "a local rule cannot mandate automatic entry of judgment for the moving party without consideration of whether the motion and supporting papers satisfy the requirements of [Fed.R.Civ.P.] 56." United States v. Real Property Located at Incline Village, 47 F.3d 1511, 1519 (9th Cir.1995), rev'd on other grounds, Degen v. United States, 116 S.Ct. 1777 (1996). Instead, "summary judgment is only proper under Rule 56 if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id.
 
 B.
 
 7
 The prison officials alternatively argue that the district court's grant of summary judgment should be affirmed because Eddy failed to allege sufficient facts to demonstrate a violation of his constitutional rights. After reviewing the record, we agree.
 
 1.
 
 8
 The Eighth Amendment is violated if a prison official is deliberately indifferent to an inmate's serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992) (citation omitted). A serious medical need is generally a condition that significantly impacts an inmate's daily activities or subjects the inmate to "chronic and substantial pain." Id. at 1060. "Deliberate indifference" exists where a prison official purposely ignores or mistreats the inmate. Id. A difference in opinion over proper medical treatment does not establish deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Where an inmate claims that prison officials deliberately delayed medical treatment, the inmate must demonstrate that the delay was harmful. McGuckin, 974 F.2d at 1060.
 
 
 9
 Eddy alleges that the prison officials violated his Eighth Amendment rights by failing to: (1) provide a particular form of treatment for his foot cramps; (2) provide a chiropractor and physical therapist to treat his periodic headaches and neck pain; (3) promptly treat a hemorrhoid; and (4) treat a sore throat. Even if all the facts alleged by Eddy are true, none of these allegations are sufficient to state a claim under the Eighth Amendment. Eddy's allegations demonstrate either non-serious medical needs or a mere difference of opinion in treatment between Eddy and the prison medical staff.
 
 
 10
 The Eighth Amendment is also violated if an inmate is not provided with meals which are adequate to maintain his or her health. Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.1996). Here, Eddy alleges that the prison officials violated the Eighth Amendment by serving a vegetarian diet in which vegetables were boiled and no fruit juices were provided.[2] The mere fact that some food was not prepared to the inmate's tastes or that certain other foods were not provided, does not demonstrate that he or she was not provided with food that was adequate to maintain good health. See Burgin v. Nix, 899 F.2d 733, 734-35 (8th Cir.1990) (inmates do not have a right to be served a particular type of food).
 
 2.
 
 11
 In order to state a claim for violation of the First Amendment right to the free exercise of religion, an inmate must allege facts which demonstrate that the prison officials' conduct substantially burdened the exercise of his or her religion. Bryant v. Gomez, 46 F.3d 948, 949 (9th Cir.1995). In order to demonstrate a "substantial burden" on religion, the inmate must demonstrate that the prison officials prevented him or her from engaging in conduct which his or her faith mandated. Id.
 
 
 12
 Here, Eddy alleges that he is a Seventh Day Adventist. He asserts that his First Amendment rights were violated because he was forced to eat the same vegetarian diet served to the Sikhs. This allegation is insufficient because Eddy wholly failed to allege facts which demonstrated that the receipt of a vegetarian diet different from the Sikh vegetarian diet is mandated by his faith. Eddy also alleged that the prison officials interfered with his religion by "harassing" vegetarians by serving them sour milk, smaller portions of food, and "withholding cantaloupe." These allegations are also insufficient to state a cause of action under the First Amendment. Eddy failed to allege facts which established that the meals served either did not satisfy the mandates of his religion or were inadequate to sustain his health. See McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir.1987) (inmates have right to a diet which is sufficient to sustain health and satisfy religious dictates).
 
 C.
 
 13
 Eddy also contends that reversal is warranted because the district court: (1) abused its discretion by denying his request for the appointment of counsel; (2) abused its discretion by denying various discovery motions; (3) abused its discretion by denying his request for the appointment of experts; (4) erred by dismissing his claims against unknown defendants; and (5) erred by refusing to order the Arizona Attorney General's Office to accept service on behalf of certain individual defendants. These issues are rendered moot by a disposition of Eddy's action on the basis that he failed to allege claims for which relief can be granted. See United States v. Oregon, 718 F.2d 299, 302 (9th Cir.1983) (an appeal is moot if the court can no longer grant effective relief); Barthelemy v. Air Lines Pilots Ass'n, 897 F.2d 999, 1011 (9th Cir.1990) (when an order granting summary judgment is affirmed on the basis that the plaintiff's complaint does not state a claim for which relief can be granted, discovery requests are rendered moot).
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We thank Scott A. Reiman for undertaking the pro bono representation of Mr. Eddy at our request. His assistance to the court is greatly appreciated
 
 
 [2]
 It is undisputed by the prison officials that inmates were served some boiled vegetables and no fruit juices. The prison officials introduced evidence, however, that vegetables are served in a variety of ways and that inmates were provided with a vitamin C fortified, artificially flavored fruit drink. Eddy offered no evidence to refute these facts