Eric **SANCHEZ**, Plaintiff–Appellant,

v.

Duane R. **VILD**, et al.,
Defendants–Appellees.

No. 88–2458.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 5, 1989 *.

Decided Dec. 7, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Eric Sanchez, Douglas, Ariz., pro se.

Pamela J. Eaton, Asst. Atty. Gen., Phoenix, Ariz., for defendants-appellees.

Before NELSON, BOOCHEVER and TROTT, Circuit Judges.

BOOCHEVER, Circuit Judge:

Eric Sanchez, an Arizona state prisoner, appeals pro se the district court's order granting summary judgment against him in his 42 U.S.C. § 1983 action against various Arizona prison officials for deliberate indifference to his serious medical needs.

Sanchez brought this action alleging eighth amendment violations because of a recurring, chronic perirectal abscess. Sanchez claims that sometime in October or November of 1986, while he was incarcerated at the Maricopa County Jail, he was advised by one Dr. Abott[1] that his condition would require surgery. In December of that same year, Sanchez was transferred to the Arizona State Prison in Douglas, Arizona. Sanchez first reported to "sick call" at Douglas on December 26, 1986, at which time he was seen by Dr. Louise Young, M.D., and treated for pain and swelling of his left eye. On the same day, Sanchez also contends that Dr. Young treated him for boils on his buttocks. Sanchez was again seen for his eye problems on January 2, 1987.

On January 12, 1987, Sanchez reported to sick call complaining of a ruptured boil on his buttocks. Treatment and medication were prescribed. The treatments were apparently successful, for Sanchez did not complain to medical personnel of any boils again until late April of 1987.

On April 24, 1987, Sanchez again reported to sick call complaining of boils and cysts on his buttocks. He was treated by a physician's assistant, a laboratory culture was ordered, and antibiotics were prescribed. The lab culture revealed that the infection was resistant to the originally prescribed antibiotic and a new medication, erythromycin, was prescribed. The erythromycin was apparently effective and the problem was, once again, resolved.

Approximately one month later, however, the symptoms recurred and Sanchez was again treated with erythromycin, hot packs, and anti-inflammatories, which were apparently effective. At about the same time, Sanchez was relieved of his kitchen duties because of his poor personal hygiene habits. Sanchez once again reported to sick call with the same symptoms in June and August of 1987. He received similar treatment with antibiotics, hot packs, and anti-inflammatories and each time his ailments were cured but subsequently recurred.

On August 11, 1987 the prison Outside Referral Committee referred Sanchez for evaluation by Dr. De Guzman. He was seen by Dr. De Guzman on September 25, 1987. He was also seen by Dr. Young again at approximately the same time. In addition, Sanchez has seen prison medical personnel for other minor ailments on numerous occasions.

After considering affidavits and testimony adduced by both parties, the district court granted summary judgment in favor of the defendants.[2] We review de novo a

---

**1.** The record indicates that the Arizona authorities were unable to confirm Dr. Abott's employment with the Department of Corrections and, in fact, the department suggests on information and belief, that no Dr. Abott was ever in its employ. Construing the record in a light most favorable to Sanchez, however, we accept his

assertions regarding Dr. Abott as true and conduct our review accordingly. *Tzung v. State Farm Fire & Casualty Co.,* 873 F.2d 1338, 1339–1340 (9th Cir.1989).

**2.** The defendants' motion was originally made as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 56. When matters

grant of summary judgment. *Ferguson v. Greater Pocatello Chamber of Commerce,* 848 F.2d 976, 979 (9th Cir.1988). "Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain." *Id.* (citations omitted).

Sanchez contends that a genuine issue of material fact exists as to whether prison officials were deliberately indifferent to his serious medical needs, thereby violating the eighth amendment of the United States Constitution. "Prisoners can establish an eighth amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs." *Hunt v. Dental Dept.,* 865 F.2d 198, 200 (9th Cir.1989) (citing *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)).

The basis of Sanchez' claim is that a prison doctor, during the course of treatment, advised him that surgery was necessary. Prison officials, in their affidavits and moving papers in the district court, set forth the extensive degree to which Sanchez has received subsequent medical attention. Sanchez has seen a physician's assistant, prison doctors, and outside physicians on numerous occasions. He has received substantial treatment and medication for his ailments. The treatment has cleared up the symptoms of his ailments, which appear, however, to recur. Subsequent medical personnel have not recommended surgery.

■ At most, Sanchez has raised a difference of medical opinion regarding his treatment. A difference of opinion does not amount to a deliberate indifference to Sanchez' serious medical needs. *Randall v. Wyrick,* 642 F.2d 304, 308 (8th Cir.1981);

*see Estelle v. Gamble,* 429 U.S. at 107, 97 S.Ct. at 292; *cf. Shapley v. Nevada Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir.1985) ("mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference"). Thus, Sanchez does not meet the standard of deliberate indifference to his serious medical needs required for liability under section 1983. *Estelle v. Gamble,* 429 U.S. at 107, 97 S.Ct. at 292.

■ Sanchez next contends that he was prejudiced by unsigned affidavits submitted to the district court by the defendants. Copies of unsigned affidavits of Obed Ferrari, Leslie Floyd, and Louise Young, M.D. were submitted to the court on October 7, 1987 as exhibits to the defendants' motion to dismiss with a notation that the signed affidavits would be filed upon receipt by counsel. The original signed and notarized affidavits were filed on October 21, 1987. It was not until March 11, 1988 that the district court entered the summary judgment. This was long after the signed affidavits were on file. The district court did not err in considering the affidavits.

■ Sanchez' final claim is that he is prejudiced on this appeal by the lack of a court reporter and transcript for the oral argument on the motion to dismiss held November 23, 1987. He does not show nor can we determine, however, how he is now prejudiced. Sufficient evidence is contained in the record, by way of affidavits and the orders of the district court, for this court to review Sanchez' claims.

The summary judgment is AFFIRMED.

---

outside the pleadings are considered by the district court, a motion to dismiss is treated as one for summary judgment. *Fort Vancouver Ply-* *wood Co. v. United States,* 747 F.2d 547, 552 (9th Cir.1984); Fed.R.Civ.P. 12(b).