12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian S. FAILE, Plaintiff-Appellant,
v.
Franklin D. MASTER, M.D.; et al., Defendants-Appellees.
 No. 93-15756.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 6, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brian S. Faile, a Nevada state prisoner, appeals pro se the district court's denial, on remand from this court, of his motion for a preliminary injunction or temporary restraining order based upon his 42 U.S.C. Sec. 1983 claim of cruel and unusual punishment in violation of the Eighth Amendment. Faile contends that the district court erred by (1) relying upon a report by defendant Franklin D. Master, M.D., the psychiatrist at the Southern Desert Correctional Center (SDCC), and (2) refusing to grant preliminary relief requiring Master to continue treating him with the drug Prozac. We have jurisdiction under 28 U.S.C. Sec. 1292(a)(1), and we affirm.
 
 
 3
 We review for an abuse of discretion the district court's decision on a request for a prelininary injunction. Cotter v. Desert Palace, Inc., 880 F.2d 1142, 1144 (9th Cir.1989). We also review for an abuse of discretion the district court's decision whether to hold an evidentiary hearing on a preliminary injunction request. Kenneally v. Lungren, 967 F.2d 329, 335 (9th Cir.1992), cert. denied, 113 S.Ct. 979 (1993). " '[P]reliminary injunctive relief is available to a party who demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips in its favor.' " Cotter, 880 F.2d at 1144 (quoting Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir.1987)).
 
 
 4
 Faile contends that the district court erred by relying upon Master's report because (1) the report was not an official medical evaluation; (2) the defendants submitted only a copy of the report; (3) the report contained misstatements; and (4) as a defendant, Master was biased against Faile. Faile also contends that the district court erred by denying preliminary relief without holding an evidentiary hearing to obtain an independent medical opinion on the issue of Faile's continued need for Prozac. These contentions lack merit.
 
 
 5
 In support of his preliminary injunction request, Faile filed an affidavit stating that before he was incarcerated in September 1988, Dr. Dennis Campton diagnosed him with "endogenous panic attack" and prescribed a "benzodiazapine medication." In March 1991, Dr. Van Valkenburg at Ely State Prison prescribed Prozac. In April or May 1991, Dr. Karwon at SDCC increased the dose of Prozac. In September 1991, Dr. Master decided to continue the Prozac treatment, but on October 2, 1991, he discontinued it "for no demonstrable reason." Faile further stated in the affidavit that "since October 2, 1991, your Affiant has not been treated in any way medically for his disorder and continues to suffer greatly." In response, the defendants submitted Master's report dated January 28, 1992. In the report, Master stated that he discontinued the Prozac treatment because Faile had a history of substance abuse and because his observations indicated that Faile was not depressed or confused. The district court denied preliminary relief based upon Master's opinion that Faile no longer needed Prozac.
 
 
 6
 To demonstrate that the defendants violated the Eighth Amendment, Faile must demonstrate that they were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989) (difference of opinion between inmate and prison medical personnel does not establish Eighth Amendment violation). Accordingly, Master's explanation of his reasons for discontinuing the Prozac treatment was relevant to the issue whether Faile had raised serious questions or demonstrated probable success on the merits of his Eighth Amendment claim. See Cotter, 880 F.2d at 1144. Moreover, the district court had no obligation to provide an additional witness to help Faile to establish his entitlement to a preliminary injunction. As we stated in Faile's earlier appeal, it was within the district court's discretion to deny Faile's motion based upon Master's evaluation. The district court did not abuse its discretion by finding that Faile's affidavit, considered in light of Master's report, did not show that Faile was entitled to preliminary relief. See Estelle, 429 U.S. at 106; Sanchez, 891 F.2d at 242; Cotter, 880 F.2d at 1144.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3