19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clay Jackson MYERS, JR., Plaintiff-Appellant,
v.
Samuel LEWIS, et al., Defendants-Appellees.
 No. 93-16373.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 10, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clay Jackson Myers Jr. is a disabled prisoner in Arizona. He sued prison officials under 42 U.S.C. Sec. 1983 alleging violations of the Eighth and Fourteenth Amendments. He appeals summary judgment for the defendants. We affirm.
 
 
 3
 We review de novo a grant of summary judgment. Jones v. Union Pacific R. Co., 968 F.2d 937, 940 (9th Cir.1992). We must determine, viewing the evidence in the light most favorable to Myers, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992), cert. granted, 114 S.Ct. 543 (1993).
 
 Classification Scheme
 
 4
 Myers alleges that Arizona's classification scheme violates his due process and equal protection rights because it places him in a prison distant from his wife and limits the number of prisons which house the disabled. He also argues that the state treated him differently than other amputees by assigning him a higher security classification.
 
 
 5
 Myers has no inherent constitutional right to be housed at a specific institution, Meachum v. Fano, 427 U.S. 215, 224 (1976), or to receive a set security classification. Moody v. Daggett, 429 U.S. 78 (1976).
 
 
 6
 Myers' equal protection claims also lack merit. Disabled prisoners are not a quasi-suspect class requiring heightened judicial scrutiny. See City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 442 (1985). Nothing in the record suggests that the state's policy of housing prisoners who require medical care near health care facilities is irrational or a pretext for discrimination. As for unequal treatment within the class of prison amputees, Myers does not allege that those persons have his additional health problems or present the same security risk.
 
 Deliberate Indifference
 
 7
 Myers can establish an Eighth Amendment violation if he can prove that the defendants have been deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order for this claim to reach the factfinder, a "defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992).
 
 
 8
 The record establishes that the defendants knew of Myers' medical problems. They responded to his complaints that he was receiving the wrong medication and improperly fitted boots for his prosthesis.[1] Myers disagrees with the course of treatment he received from the prison's medical personnel. But this difference in opinion does not amount to a deliberate indifference to Myers' serious medical needs. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 9
 Because the record shows no genuine issues of material fact and the district court properly analyzed Myers' Eighth and Fourteenth Amendment claims, summary judgment was appropriate.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In a supplemental affidavit, Myers claims that the prison has not fitted him with a proper prosthesis following damage to his own. Because this affidavit is not part of the record below, we do not consider its merits. See Circuit Rule 10-2; attached Order