66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Glen F. MULLINS, Plaintiff-Appellant,
v.
Patricia HAINESWORTH; Jim Smith, Food Service Manager,
Defendants-Appellees.
 No. 95-3186.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1995.
 
 Before: KRUPANSKY, NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Glen F. Mullins, a pro se Ohio prisoner incarcerated at the Madison Correctional Institution (MCI), appeals the summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The defendants are James Smith, a food service manager at MCI, and Patricia Hainesworth, an MCI dietician during the time in question. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 According to the complaint, Mullins has diabetes and high blood pressure. Mullins claimed that, because of his medical condition, he was placed on a special diet which requires a daily intake of 2600 calories, including an evening snack. He claimed that the defendants have "interfere[d]" with that treatment plan. Specifically, he stated that the defendants have forced him to eat the food that is served to the general inmate population, instead of serving food that is "separately cooked." He further claimed that the defendants have not allowed him to have his evening snack, and have served him red meat and pork, knowing that he is a vegetarian. He sought declaratory, injunctive and monetary relief.
 
 
 3
 In a memorandum and order filed January 31, 1995, the district court granted the defendants' motion for summary judgment. This appeal followed.
 
 
 4
 Upon review, we conclude that summary judgment was proper as there were no genuine issues as to any material fact and the defendants were entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994); Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 800 (6th Cir.1994). Mullins's own exhibits and the defendants' affidavits and supporting evidentiary material establish that Mullins received competent medical attention and that neither of the defendants was deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Mullins had a difference of opinion with various members of MCI regarding his need for a vegetarian diet. But a difference of opinion regarding medical treatment or Mullins's need for a vegetarian diet is insufficient to state a claim under the Eighth Amendment. See Estelle, 429 U.S. at 107; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). In addition, Mullins did not specify the number of times he was allegedly denied an evening snack nor was there any indication that the defendants were personally involved in the alleged denial of Mullins's evening snack. Liability cannot be established absent a clear showing that the defendants were personally involved in the activity forming the basis of the alleged unconstitutional behavior. See Rizzo v. Goode, 423 U.S. 362, 371 (1976).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.