76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark Anthony REA, Plaintiff-Appellant,
v.
Jim THOMAS, Warden; Jeff Hood, Deputy Warden, Defendants-Appellees.
 No. 95-15145.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 1, 1995.*
Decided Jan. 24, 1996.
 
 Before: CHOY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Anthony Rea, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 action. Rea contends that the district court erred in holding that: (1) the defendants did not violate Rea's due process rights; and (2) the defendants were not deliberately indifferent to Rea's medical needs. We affirm.
 
 
 3
 * In analyzing claims alleging deprivation of procedural due process, courts must first determine whether the claimant has been deprived of a constitutionally protected liberty or property interest. Walker v. Sumner, 14 F.3d 1415, 1419 (9th Cir.1994). Within the prison context, a liberty interest is created when a restrictive prison regulation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, --- U.S. ----, ----, 115 S.Ct. 2293, 2300 (1995).
 
 
 4
 Rea claims that his due process rights were violated when prison officials: (1) failed to search Rea's cell prior to his assignment there; (2) imposed a 48-hour "lockdown" on Rea after they recovered contraband from his cell; (3) placed Rea in administrative segregation after he failed to produce a urine sample; (4) converted Rea's visitation privileges from contact to non-contact status; and (5) did not allow Rea to present evidence or a witness at his disciplinary hearings. None of these claims constitute an "typical and significant hardship." Id. The actions of the prison officials were well within the terms ordinarily contemplated by a prison sentence; they did not infringe on any liberty interest protected by the due process clause. Therefore, the district court properly granted summary judgment to defendants.
 
 II
 
 5
 A prisoner's complaint of inadequate medical care amounts to an Eighth Amendment violation if the inmate alleges acts or omissions by prison officials that are sufficiently harmful to evidence a deliberate indifference to serious medical needs. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990). Prison officials manifest a deliberate indifference to a prisoner's medical needs if they intentionally deny, delay or interfere with the prisoner's medical treatment. Id. A difference of opinion between a prisoner and prison physicians regarding the prisoner's treatment does not constitute a deliberate indifference to the prisoner's medical needs. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 6
 Rea claims that prison officials exhibited a deliberate indifference to his medical needs by: (1) failing to seek treatment for him after he was allegedly attacked by a drug-sniffing dog; and (2) not prescribing a specific brand of medication to treat his epilepsy.
 
 
 7
 With regard to the dog attack, Rea relies solely on conclusory allegations, unsupported by factual data. By itself, this is not enough to withstand a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 8
 Rea also does not state that he has had any adverse reaction to the new medication prescribed for his epilepsy. At best he has established that there is a disagreement between himself and prison physicians regarding the effectiveness of a particular brand of medication for epilepsy. This does not amount to deliberate indifference to his medical needs. Sanchez, 891 F.2d at 242. Because Rea failed to establish any Eighth Amendment violation, the district court properly granted summary judgment to the defendants. The decision of the district court is AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3