106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roland FERRIS, aka Glenn C. Simpson, Plaintiff-Appellant,
v.
Robert A. WHITE; Arthur Kyliavas; Terrell Moritz; Dimitri
Catsaros; John Alvey, D.O.; Dr. Palacios; Dr.
Stapler; Corporation of the State of
Arizona, Defendants-Appellees,
and
Celia Newman, personal representative for estate of Alex
Newman, MD, Defendant.
 No. 95-17174.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roland Ferris, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of defendants in Ferris's 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a grant of summary judgment de novo, see McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and we affirm.
 
 
 3
 After a review of the record, we conclude that Ferris's claims concerning defendants' treatment of his tuberculosis, his tuberculosis-related mental anguish, his cholesterol level, and his high blood pressure amounted to no more than a difference of opinion about medical treatment. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Ferris also failed to establish that defendants were deliberately indifferent to his serious medical needs by refilling a prescription for seizure disorder medication before independently confirming that he had such a disorder. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990) (stating that, to prove deliberate indifference, plaintiff must establish more than mere negligence or isolated instances of neglect).
 
 
 4
 Because Ferris failed to create a triable issue of fact that defendants either purposefully ignored or failed to respond to his serious medical needs, we conclude that the district court did not err by granting summary judgment in favor of defendants. See McGuckin, 974 F.2d at 1060.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal