108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lynn W. PETERS, Plaintiff-Appellant,
v.
FIGUERROA, Dr.; Lutz, Dr., Defendants-Appellees.
 No. 96-15758.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 13, 1997.
 
 Before: SNEED, LEAVY and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lynn Wayne Peters appeals the district court's grant of summary judgment in favor of defendants on Peters's 42 USC § 1983 claim. We have jurisdiction under 28 USC § 1291. We affirm.
 
 I.
 
 3
 Peters is incarcerated by the Arizona Department of Corrections (ADOC). On February 28, 1994, Peters noticed what was eventually diagnosed as a staphylococcus infection in his lower leg. He was first treated for the infection on March 2, 1994, by defendant Dr. Figuerroa, an ADOC physician.
 
 
 4
 ADOC medical staff, including Dr. Figuerroa, treated Peters's infection numerous times. Unrebutted evidence shows that the treatment options available in Peters's case are limited by Peters's other medical problems, including cirrhosis of the liver. The wound did not respond well to the treatment Peters received. It never entirely healed, though it ceased advancing. On April 13, 1994, Peters filed this lawsuit, alleging deliberate indifference to his serious medical needs. He named as defendants Dr. Figuerroa and Dr. Lutz, the medical director of the ADOC.
 
 
 5
 Defendants moved for summary judgment, arguing that Peters could not show deliberate indifference to his needs. Defendants introduced the affidavit of Dr. Luis Palacios, who averred that the treatment given Peters met or exceeded the community standard of care. Peters responded with affidavits reflecting his own and another inmate's opinion that the treatment he received was inadequate. Peters also offered other evidence, discussed below.
 
 
 6
 The district court granted summary judgment against Peters. Peters seeks reversal of the district court's judgment, and asks that this court grant him "relief from the severe physical pain, distress, mental anguish and strain that [he] is enduring."
 
 II.
 
 7
 This court reviews a grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1994). Summary judgment is warranted unless Peters comes forward with probative evidence tending to establish each element on which he would bear the burden of proof at trial. Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990). Peters may not rely on self-serving, conclusory affidavits, but must "set forth specific facts" regarding each element of his claim. Id.; FRCP 56(e).
 
 
 8
 To establish his § 1983 claim, Peters must show that the defendants' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Even if he showed that defendants treated him negligently, that alone would not stave off summary judgment: "Medical malpractice does not become a Constitutional violation merely because the victim is a prisoner." Id. Differences of opinion regarding the best course of treatment are also insufficient to give rise to a § 1983 claim. Sanchez v. Vild, 891 F.2d 240, 241 (9th Cir.1989). Peters must demonstrate that defendants knew of and disregarded a risk to his safety. Farmer v. Brennan, --- U.S. ----, ----, 114 S.Ct. 1970, 1979 (1994).
 
 
 9
 Peters's evidence showed only a difference of medical opinion, if that. Besides his own and another inmate's inexpert opinions, which will not prevent summary judgment, Peters points to several pieces of evidence. Most of that evidence, including numerous records of ADOC responses to Peters's treatment requests, is consistent only with a continuing effort to treat Peters's infection. Far from being indifferent, ADOC medical personnel responded to every request Peters made for medical attention, and tried several different courses of treatment.
 
 
 10
 The record contains three other items that must be considered. First, Peters avers that "Dr. Holloway" and "Nurse Lorraine" told him that the treatment he had received was not appropriate for staph infections. Ignoring for the moment that Peters did not obtain affidavits from the doctor or the nurse, the statements demonstrate nothing more than a difference of opinion. Dr. Holloway opined that a certain treatment should have been pursued, but not that his opinion reflected common knowledge of which Dr. Figuerroa must have known. And Nurse Lorraine opined that the treatment Peters had received was inappropriate, but added that "there are a lot of people who don't know." This evidence, construed in Peters's favor, does not tend to show that ADOC doctors treated him with deliberate indifference.
 
 
 11
 Second, Peters offers a newspaper column in which "Dr. Gott" writes that deep staph infections are serious and often must treated surgically. Again ignoring the technical difficulties with this evidence, we note that the column speaks in generalities and does not state that any particular treatment regimen is always, or never, appropriate. It also states that "[d]espite therapy, some staph infections ... can become chronic and last several years." The column does not tend to show that the treatment given Peters was so inappropriate that it was evidence of ADOC doctors' deliberate indifference to Peters's needs.
 
 
 12
 Finally, in response to Peters's request, the court ordered that Peters be examined by an independent physician of his own choosing. That physician, Dr. Michael D. Palestine, examined Peters on August 21, 1995, and reviewed the records of Peters's treatment by ADOC personnel. Dr. Palestine's report notes that healing of staph infections is unpredictable, and that there are various treatments that could be attempted. Dr. Palestine also reports: "Thus far, in my judgment, appropriate therapy has been administered to this patient."
 
 
 13
 No other evidence was offered, and nothing in the record tends to demonstrate that defendants had the requisite mental state. Summary judgment therefore was appropriate. The judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3