108 F.3d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sammy WILLIAMS, Plaintiff-Appellant,
v.
Robert G. BORG; Dr. Textor; Dr. Burvant; Dr. Shedler; M.
Spanos, Defendants-Appellees.
 No. 94-16863.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 13, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sammy Williams appeals pro se the jury's verdict for defendants in Williams's 42 U.S.C. § 1983 action alleging deliberate indifference to Williams's serious medical needs. Williams contends that the jury's verdict is not supported by substantial evidence. Additionally, Williams contends that the district court: (1) erred by dismissing defendants Borg and Textor at the end of the trial under Fed.R.Civ.P. 50; (2) violated his constitutional right to appointed counsel; (3) denied Williams a fair trial by failing to include African-American and handicapped individuals in the jury pool; and (4) abused its discretion by limiting the time period in which Williams could frame the facts and issues at trial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Williams contends that the jury's verdict for defendants Shedler, Burvant, and Spanos was not supported by substantial evidence. We disagree.
 
 
 4
 We review the jury's verdict for substantial evidence. Murray v. Laborers Union, Local No. 324, 55 F.3d 1445, 1452 (9th Cir.1995).
 
 
 5
 Williams claimed that defendants' failure to timely and adequately treat his ulcer constituted deliberate indifference to his serious medical needs. Although there was some evidence that the medical treatment provided by defendants Burvant and Spanos amounted to medical malpractice, it did not rise to the level of deliberate indifference to Williams's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). The evidence shows that Williams was offered modified low-cut shoes for his ulcer, was seen on a regular basis by medical personnel, and was given continuous medical treatment for his ulcer. Decisions regarding Williams's diagnosis, method of treatment, and whether and when he should see a specialist are medical decisions that do not represent cruel and unusual punishment. See Estelle, 429 U.S. at 107; see also Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989) (stating that difference of opinion between doctor and prisoner-patient regarding treatment is not deliberate indifference). Accordingly, the jury's verdict is supported by substantial evidence. See McGuckin, 974 F.2d at 1059.[1]
 
 
 6
 Williams contends that the district court erred by granting judgment as a matter of law in favor of defendants Borg and Textor pursuant to Fed.R.Civ.P. 50(a)(1). We disagree.
 
 
 7
 At trial, the evidence showed that defendant Textor, the chief medical officer of Folsom prison, had no knowledge of Williams until Williams was referred to a specialist outside the Folsom prison. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Additionally, the evidence showed that defendant Borg, the Folsom prison warden, had no knowledge of Williams until after Williams filed his section 1983 action. See id. Accordingly, because there was no evidence indicating that Williams's constitutional rights were deprived by a policy or custom instituted by either Textor or Borg, the district court did not err by granting judgment as a matter of law in favor of defendants Textor and Borg. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690-92 (1978); see also Fed.R.Civ.P. 50(a)(1).
 
 
 8
 Williams contends that the district court violated his right to appointed counsel. Williams contends that the district court was required to appoint new counsel after Williams's appointed counsel was permitted to withdraw. Williams's contention lacks merit because there is no constitutional right to the appointment of counsel in a civil rights action. See Lassister v. Dep't of Social Servs., 452 U.S. 18, 52 (1981).
 
 
 9
 Williams contends that, because the jury pool did not include African-Americans and handicapped individuals, the district court denied him his right to a fair trial. Because Williams provided no evidence of any systematic exclusion of African-Americans or handicapped individuals, Williams's fair trial contention lacks merit. See Duren v. Missouri, 439 U.S. 357, 364 (1979).[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Additionally, we conclude that there was sufficient evidence to support the jury's verdict that defendant Spanos, the clothing supply supervisor at Folsom prison, was not deliberately indifferent to Williams's medical needs. See Estelle, 429 U.S. at 106
 
 
 [2]
 We reject Williams's contention that the district court abused its discretion by limiting the time period in which he could frame the facts and issues at trial. The record indicates that the district court permitted Williams to cross-examine witnesses on matters outside his complaint. The district court, however, correctly prohibited Williams from commenting on facts not in evidence. Additionally, we need not address Williams's contention that Doctor Adams should have been prohibited from testifying at Williams's trial. See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, 752 F.2d 1401, 1404 (9th Cir.1985)