**Malcolm Andre YOUNG,**
**Plaintiff–Appellant,**

v.

**FAHEY, MEDICAL TECH; et al., Defendants–Appellees.**

No. 02–55527.

D.C. No. CV–99–01991–BTM.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2002.[*]

Decided Nov. 25, 2002.

Before REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

MEMORANDUM[**]

California state prisoner Malcolm Andre Young appeals pro se the judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs related to treatment for diabetes. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment. *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997). We affirm.

The district court properly granted summary judgment. Although defendants failed to administer blood glucose tests on three occasions as prescribed by Young's doctor, Young did not provide evidence demonstrating that this failure caused harm. *See id.* at 1060 (stating that a prisoner cannot make a claim for deliberate medical indifference unless the conduct was harmful).

Although defendants failed to administer blood glucose tests on two other occasions in July and August 1999, no doctor had ordered these tests. Therefore, Young's desire for these tests amounted to a difference of opinion regarding treatment. *See Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989) (stating that difference of medical opinion as to treatment does not amount to deliberate indifference to medical needs).

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Finally, although defendant Fahey, a medical technical assistant, failed to administer insulin on December 31, 1999, Young admitted that Fahey told him that he was not aware of a doctor's order prescribing insulin and that he received his insulin later that day. Because Young provides no other evidence in this regard, he failed to demonstrate that Fahey intentionally interfered with his medical treatment. *See McGuckin*, 974 F.2d at 1060 (stating that deliberate indifference requires a purposeful act or failure to act; negligence or inadvertent failure to act is insufficient).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.