**Ronald R. SANTOS, Plaintiff—Appellant,**

v.

**Ted D'AMICO; et al., Defendants—Appellees,**

and

**Curtis Childs; et al., Defendants.**

No. 04–15412.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 14, 2005.

Ronald R. Santos, pro se, Lovelock, NV.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**510**

Patrick O. King, Matthew L. Jensen, AGNV—Office of the Nevada Attorney General, Carson City, NV, for Defendants—Appellees.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM **

■ Ronald R. Santos, a Nevada state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that defendants were deliberately indifferent to his medical needs by inadequately treating his Hepatitis C infection, and by confiscating his back brace. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Jackson v. City of Bremerton,* 268 F.3d 646, 650 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment on Santos' deliberate indifference claims because Santos failed to create a genuine issue of material fact as to whether additional testing of his liver, additional inoculations, or more aggressive treatment was medically necessary. *See Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989) (indicating that a difference of opinion about a course of medical treatment does not amount to deliberate indifference to serious medical needs). Similarly, Santos failed to create a genuine issue of material fact as to whether the defendants were deliberately indifferent in confiscating his back brace, given that he was evaluated many times for his back

ailments, and there was no evidence that he currently has a medical need for the back brace. *See id.*

■ The district court did not abuse its discretion by denying Santos' motion to compel the production of medical records because contrary to Santos' contention, he had access to his medical records pursuant to the prison procedure.

Finally, Santos failed to demonstrate that he was prejudiced by the prison officials' submission of his medical records under seal, or that was prevented from filing a response.

Santos' remaining contentions lack merit.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

