**226**

Billy Joe PICKETT, aka Billy Joe Long, Plaintiff—Appellant,

v.

B. HARTUNG, Defendant—Appellee.

No. 05–15406.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

———

Billy Joe Pickett, Coalinga, CA, pro se.

---

James M. Humes, Esq., San Francisco, CA, for Defendant.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Billy Joe Pickett, a California state prisoner, appeals pro se from the district court's judgment in favor of defendant in his 42 U.S.C. § 1983 action alleging violations of his Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Morrison v. Hall,* 261 F.3d 896, 900 (9th Cir. 2001), and review for abuse of discretion evidentiary rulings made in the context of summary judgment, *Fonseca v. Sysco Food Serv., Inc.,* 374 F.3d 840, 845 (9th Cir.2004). We affirm.

The district court properly granted summary judgment on Pickett's Eighth Amendment claim because Pickett failed to raise a triable issue of fact as to whether the defendant was deliberately indifferent to his serious medical needs. *See Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989). Additionally, Pickett provided insufficient evidence that the defendant knew Pickett's cellmate posed a serious risk of harm to Pickett. *See Farmer v. Brennan,* 511 U.S. 825, 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The district court did not abuse its discretion by admitting defendant's evidentia-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ry submissions after noting and considering Pickett's objections.

Pickett's remaining contentions are without merit.

**AFFIRMED**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.