Raymond GILLEN, Plaintiff—
Appellant,

v.

Ted D'AMICO;  Karen A. Gedney;  John
Marsha, Defendants—Appellees.

No. 06–15733.

United States Court of Appeals,
Ninth Circuit.

Submitted April 27, 2007 *.

Filed June 8, 2007.

Raymond Gillen, Carson City, NV, pro
se.

Nevada Attorney General's Office, Las
Vegas, NV, J.M. Howard, for Defendants–
Appellees.

Before: FARRIS, BOOCHEVER, and
LEAVY, Circuit Judges.

MEMORANDUM **

Nevada state prisoner Raymond Gillen
appeals pro se from the district court's
summary judgment in his 42 U.S.C. § 1983
action alleging prison officials acted with
deliberate indifference to his serious medi-
cal needs in violation of the Eighth
Amendment and Nevada Revised Statutes
§ 209.371.  We have jurisdiction under 28
U.S.C. § 1291.  We review de novo the
district court's grant of summary judg-
ment, *Toguchi v. Chung,* 391 F.3d 1051,
1056 (9th Cir.2004), and we affirm.

The parties are familiar with the facts
and prior proceedings.  Gillen is serving a
life sentence in Nevada.  While in prison,
Gillen was diagnosed with right leg gan-
grene and it became medically necessary
to amputate Gillen's right leg above the

guments on appeal.
* This panel unanimously finds this case suit-
  able for decision without oral argument.  *See*
  Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
  cation and is not precedent except as provid-
  ed by 9th Cir. R. 36–3.

knee. Gillen thereafter received a prosthetic leg. The prosthetic leg has been repaired several times. Gillen states that the prosthesis is ill-fitting, causing him pain and affecting his ability to walk. Following several examinations by medical staff and a review by the prison's Utilization Review Board, Gillen's request for a replacement prosthetic leg was denied. The defendants offered Gillen the alternatives of using a wheelchair, crutches, or a cane.

Prison officials may not be deliberately indifferent to a prisoner's serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). This standard is comprised of two components. The first component is an objective inquiry whether the prisoner's medical condition is sufficiently serious. *See Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). We assume that the condition of Gillen's amputated leg constitutes a serious medical condition. The second component of the inquiry requires a culpable state of mind establishing defendants' deliberate indifference to Gillen's serious medical condition. *See id.* at 298–99, 111 S.Ct. 2321. With respect to this subjective component, the district court did not err in finding that defendants did not act with deliberate indifference. *See Toguchi,* 391 F.3d at 1058. A difference of opinion between Gillen and his treating physicians about the offered alternatives and the preferred course of medical treatment does not constitute an Eighth Amendment violation. *See Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989).

**AFFIRMED.**