Dwayne Lamont BURGESS,
Plaintiff—Appellant,

v.

M. JOHNSON; et al., Defendants—Appellees.

No. 07–15558.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 21, 2008.

Dwayne Lamont Burgess, Delano, CA, pro se.

John William Riches, II, Esq., Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: LEAVY, RYMER and THOMAS, Circuit Judges.

MEMORANDUM **

Dwayne Lamont Burgess, a California state prisoner, appeals pro se from the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

█ The district court properly granted summary judgment to defendant Chisum because evidence of medical misdiagnosis

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and difference of medical opinion are insufficient to show deliberate indifference. *See McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1992) (explaining that negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights), *rev'd on other grounds, WMX Tech., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc); *Sanchez v. Vild,* 891 F.2d 240, 241–42 (9th Cir.1989) (holding that a difference of opinion regarding the best course of medical treatment does not amount to deliberate indifference).

■ The district court properly granted summary judgment to defendants Bledsoe, Pugh and Johnson because Burgess failed to raise a genuine issue of material fact as to whether the defendants disregarded a serious medical need or whether a delay in or denial of treatment resulted in further injury. *See McGuckin,* 974 F.2d at 1060.

■ The district court did not abuse its discretion by denying Burgess's motion for appointment of counsel because Burgess did not demonstrate exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir.2004).

**AFFIRMED.**