Pierre L. HOFFMAN, Plaintiff—Appellant,

v.

Clayton SHYTLE; et al., Defendants—Appellees.

No. 07–16859.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 28, 2009.

Pierre L. Hoffman, Soledad, CA, pro se.

Paul T. Hammerness, Esquire, Troy B. Overton, Esquire, Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Pierre L. Hoffman, a California state prisoner, appeals pro se from the district court's dismissal of his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

under 28 U.S.C. § 1291. We review de novo a grant of summary judgment. *Sanchez v. Vild,* 891 F.2d 240, 241–42 (9th Cir.1989). We affirm in part, vacate in part, and remand.

The district court properly granted Nurse Shytle's motion for summary judgment because Hoffman failed to present admissible evidence showing that Shytle, or any other official, denied him access to a physician during June or July 2004. *See Nissan Fire & Marine Ins. Co. v. Fritz,* 210 F.3d 1099, 1103 (9th Cir.2000) ("If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment.").

We vacate the district court's grant of summary judgment to defendant Kelley Ogle because Ogle never moved for summary judgment and Hoffman never received notice that the court was considering summary judgment. *See Greene v. Solano County Jail,* 513 F.3d 982, 990 (9th Cir.2008) ("*Sua sponte* grants of summary judgment are only appropriate if the losing party has 'reasonable notice that the sufficiency of his or her claim will be in issue.'") (quoting *Buckingham v. United States,* 998 F.2d 735, 742 (9th Cir.1993)).

Each party to bear its own costs.

**AFFIRMED in part, VACATED in part, REMANDED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.