**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CION ADONIS PERALTA, | No. 09-15014 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01809-CMK |
| v. | |
| R.P. GALLOWAY; et al., | MEMORANDUM * |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, ** Presiding

Submitted February 16, 2010 ***

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* Pursuant to 28 U.S.C. § 636(c)(1), Peralta consented to the jurisdiction of the magistrate judge.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

tk/Research

Cion Adonis Peralta, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that the defendants acted with deliberate indifference to his medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any basis supported by the record. *Dittman v. California*, 191 F.3d 1020, 1027 n.3 (9th Cir. 1999). We affirm.

The district court properly dismissed Peralta's action because his allegations of inadequate care state, at most, a claim of negligence. *See Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice."); *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir. 1989) (holding that a difference of opinion about the best course of medical treatment does not amount to deliberate indifference); *see also Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1298 (9th Cir. 1998) (stating that the general rule that parties are allowed to amend their pleadings does not extend to cases where amendment would be futile).

Peralta's remaining contentions are unpersuasive.

**AFFIRMED.**