NOT FOR PUBLICATION

FILED

AUG 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRA DON PARTHEMORE, | No. 09-16417 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-02026-MCE-GGH |
| v. | |
| JAMES E. TILTON, CA Director of Corrections; ROSEANNE CAMPBELL, Warden-Mule State Creek Prison; J.A. MILLIMAN; PARNELL GALLOWAY, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted August 10, 2010 [**]

Before:    HAWKINS, McKEOWN, and IKUTA, Circuit Judges.

Ira Parthemore appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action.  We have jurisdiction under 28 U.S.C § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo summary judgment. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment on the claims against defendants Tilton and Campbell because Parthemore did not raise a triable issue as to whether these defendants, in their supervisory capacities, either failed to adequately supervise the handling of his initial agency appeal or implemented an unconstitutional policy. *See Edgerly v. City of and County of San Francisco*, 599 F.3d 946, 961 (9th Cir. 2010) (a supervisor may be liable for failing to adequately supervise); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (a supervisor may be liable for implementing an unconstitutional policy). Likewise, Parthemore did not raise a triable issue as to whether Tilton and Campbell failed to adequately investigate his appeal. Rather, Parthemore simply disagreed with their decision to rely on the medical staff's recommendation that he was physically capable of performing a porter's work. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (difference of opinion does not constitute deliberate indifference).

Similarly, the district court properly concluded that Parthemore did not raise a triable issue as to whether defendant Galloway was deliberately indifferent. Dr. Galloway recommended to prison officials that Parthemore perform only light

duties.  The fact that Parthemore would have preferred medical unassignment or work as a clerk does not raise a triable issue.  *See id.*

Summary judgment was also proper as to Parthemore's Eighth Amendment claims against defendant Milliman.  Parthemore did not raise a triable issue regarding Milliman's treatment of him because even if Parthemore's allegations regarding Milliman's conduct were true, such conduct does not rise to the level of deliberate indifference.  *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (setting forth deliberate indifference standard).

Parthemore did not raise a claim under the Americans with Disabilities Act to the district court and has therefore forfeited this issue on appeal.

**AFFIRMED.**

3                                                                                           09-16417