**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLEN JACOBY FOX, | No. 08-56118 |
| Plaintiff - Appellant, | D.C. No. 2:04-cv-03073-ODW-CW |
| v. | |
| GARVIN, Sergeant, individual capacity; FRAZIER, Dr., individual capacity; AMINO, individual capacity; REYES, individual capacity; JORDAN, individual capacity, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted February 18, 2011
San Francisco, California

Before: O'SCANNLAIN and TROTT, Circuit Judges, and CAMPBELL, Senior District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Tena Campbell, Senior United States District Judge for the District of Utah, sitting by designation.

Allen J. Fox appeals the district court's grant of summary judgment to three police officers, a jail sergeant, and a jail medical doctor in this civil rights action asserting claims under 42 U.S.C. § 1983. This court has jurisdiction under 28 U.S.C. § 1291. We review the district court's decision de novo, <u>Morrison v. Hall</u>, 261 F.3d 896, 900 (9th Cir. 2001), and we affirm.

Fox first claims that Officers Jordan, Reyes, and Amino used excessive force in arresting him. Excessive force claims under the Fourth Amendment must be evaluated "from the perspective of a reasonable officer on the scene." <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989). From the perspective of a reasonable police officer in the circumstances presented here, the use of force was reasonable. The officers received a call that a man suspected of car burglary was detained pursuant to a citizens' arrest. When the officers arrived, they saw a man who matched the description of the suspect fleeing the scene of the crime. The man was being chased by two other men and was armed with a screwdriver. The officers reasonably concluded that Fox was the burglary suspect and had broken free of the two citizens that the officers had been told were holding him.

The fact that Fox complied with the officers' orders to drop his weapon and get down on the ground does not render the use of force unreasonable. The officers' split-second decision -- to use allegedly rough tactics in handcuffing a

2

recently armed and fleeing suspect in the midst of innocent civilians -- was eminently reasonable.

Fox claims also that the officers, Sergeant Garvin, and Dr. Frazier denied him access to adequate medical care after his arrest. The Due Process Clause of the Fourteenth Amendment guarantees a pretrial detainee the right to receive adequate medical care, and that right is violated if officials are deliberately indifferent to the detainee's serious medical needs. Clouthier v. Cnty. of Contra Costa, 591 F.3d 1232, 1242-43 (9th Cir. 2010). Deliberate indifference exists when an official knows of and disregards a serious medical condition, i.e, when an official is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually draws that inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In his opposition to the defendants' motion, Fox submitted no evidence that any of the defendants were subjectively aware of a substantial risk of serious harm to Fox from his injuries. All of the defendants spoke to or examined Fox within three hours of his arrest. The officers and sergeant do not have the expertise required to diagnose broken bones. With respect to the medical doctor, Fox challenges her conclusion that his injuries did not require x-rays. However, differences in judgment between an inmate and jail medical personnel regarding

3

appropriate diagnosis and treatment are not sufficient to establish deliberate indifference. <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989). Moreover, Fox did not submit evidence that any delay in diagnosing his broken bones caused him serious harm. <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335 (9th Cir. 1990).

AFFIRMED.