**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BLAINE MURRAY, | No. 10-35217 |
| Plaintiff - Appellant, | D.C. No. 4:07-cv-00168-EJL-MHW |
| v. | |
| CHARLIE ANDERSON, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Blaine Murray appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging constitutional violations in connection with

his prosecution in Idaho state court.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo, *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir. 1989), and we affirm.

The district court properly granted summary judgment on Murray's malicious prosecution claim because Murray failed to raise a genuine dispute of material fact as to whether Anderson issued the citation with malice, without probable cause, and for the purpose of denying Murray a specific constitutional right. *See Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (explaining the elements a plaintiff must show for a malicious prosecution claim to constitute a due process violation under § 1983).

Moreover, Murray points to no authority to support his contention that the district court erred in construing his claim based on Anderson's alleged false testimony as a claim for malicious prosecution. *See Briscoe v. LaHue*, 460 U.S. 325, 327 n.1 (1983) ("The Court . . . has not held that the false testimony of a police officer in itself violates constitutional rights.").

Murray's remaining contentions are unpersuasive.

Anderson's motion for leave to include in the excerpts of record an audio file and an electronic version of an oversized exhibit is granted.

**AFFIRMED.**

2                                                                                          10-35217