**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 4 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



BRUCE ALLEN,

Plaintiff-Appellant,

v.

SCOTT KERNAN; et al.,

Defendants-Appellees.

No.   20-56022

D.C. No.
2:18-cv-02586-AB-RAO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Submitted May 4, 2022 [**]

Before:  FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges

Bruce Allen appeals the district court's order granting summary judgment in

favor of the defendants in his civil rights action alleging deliberate indifference to

serious medical needs.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review the grant of summary judgment de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

Summary judgment was proper for the defendants. There is no evidence that the doctors knew of and disregarded an excessive risk to Allen's health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (setting forth the deliberate indifference standard). Allen's bare allegations and unqualified lay medical opinions do not refute the defendants' admissible evidence that they consistently and extensively treated his symptoms and that he was not exhibiting symptoms of Valley Fever for 19 months before the diagnosis. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (an assertion that is "blatantly contradicted by the record, so that no reasonable jury could believe it" will not create a genuine issue of material fact at summary judgment). At most, Allen presents a difference of opinion between himself and the doctors about the testing that should have been done for his symptoms. Such a difference of opinion does not rise to the level of deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Toguchi*, 391 F.3d at 1058; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

**AFFIRMED.**