**Timothy L. WATTS, Plaintiff-Appellant,**

v.

**K. JOBE; Connor, Defendants-Appellees.**

No. 99–16852.

D.C. No. CV–98–01644–CRB.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2001.[1]

Decided Feb. 2, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, O'SCANNLAIN and KLEINFELD, Circuit Judges.

## MEMORANDUM [2]

Timothy L. Watts ("Watts"), a California state prisoner, appeals pro se the district court's summary judgment in favor of the defendant prison employees in his 42 U.S.C. § 1983 civil rights action. Watts claimed that the defendants violated the Eighth Amendment by showing deliberate indifference toward his serious medical needs on three occasions. Watts claimed that defendants violated his First Amendment rights by retaliating against him for grievances he had filed against them. We review de novo the district court's award of summary judgment. *See Robi v. Reed,* 173 F.3d 736, 739 (9th Cir.1999), *cert. denied,* 528 U.S. 952, 120 S.Ct. 375, 145 L.Ed.2d 293 (1999). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Watts claimed that, on three occasions, defendants were deliberately indifferent to his asthma. Because disagreement with diagnoses and allegations of de minimis pain are insufficient as a matter of law to demonstrate deliberate indifference, the district court did not err by granting summary judgment on Watt's Eighth Amendment claims. *Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989).

Watts also claimed that defendants retaliated against him for filing grievances by denying him medical care. Watts failed to show that he suffered any injury from defendant Mayo's treatment, *see Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir.2000), and made only conclusory allegations regarding defendant Conner's actions. *See Taylor v. List,* 880 F.2d 1040, 1044 (9th Cir.1989).

AFFIRMED.

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

