**Allen P. BRANCO, Plaintiff–Appellant,**

v.

**CORRECTIONS CORPORATION OF AMERICA; et al., Defendants–Appellees.**

No. 06–15780.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 23, 2007.

Allen P. Branco, Aiea, HI, pro se.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Daniel P. Struck, Esq., Rachel L. Halvorson, Esq., Jones Skelton & Hochuli, PLC, Phoenix, AZ, for Defendants–Appellees.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

## MEMORANDUM **

Hawaii state prisoner Allen P. Branco appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging prison officials used excessive force against him and acted with deliberate indifference to his serious medical needs while he was an inmate in an Arizona prison. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

Branco first contends that prison officials used excessive force against him in violation of the Eighth Amendment when a guard allowed a security gate to close upon his ankle. The district court properly granted summary judgment for the defendants because the record shows no evidence of the prison officials' deliberate indifference to Branco's safety. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Branco also contends that prison medical staff failed to provide him with adequate medical care following his injury and that there existed a conspiracy to deny

him medical care. Summary judgment on these claims was proper because the record shows no evidence of a conspiracy, *see Hart v. Parks,* 450 F.3d 1059, 1069 (9th Cir.2006), and shows that Branco was provided with adequate medical care, *see Franklin v. Oregon,* 662 F.2d 1337, 1344 (9th Cir.1981). At most, the record shows a difference of opinion between Branco and his treating physicians about the best course of medical treatment, which does not constitute an Eighth Amendment violation. *See Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989).

All pending motions are denied as moot.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

