**Thomas A. HIGHTOWER, Plaintiff–Appellant,**

v.

**Arnold SCHWARZENEGGER; et al., Defendants–Appellees.**

No. 07–16522.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 15, 2009.

Thomas A. Hightower, Ione, CA, pro se.

John W. Riches, II, Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before WALLACE, TROTT, and RYMER, Circuit Judges.

MEMORANDUM **

Thomas A. Hightower, a California state prisoner, appeals pro se from the district court's summary judgment and order dismissing claims against certain named de-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

fendants in his 42 U.S.C. § 1983 action alleging retaliation and deliberate indifference to his medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *Sanchez v. Vild,* 891 F.2d 240, 241–42 (9th Cir.1989), and dismissal for failure to exhaust administrative remedies, *O'Guinn v. Lovelock Corr. Ctr.,* 502 F.3d 1056, 1060 (9th Cir.2007). We affirm.

The district court properly granted summary judgment on Hightower's deliberate indifference claims because there was no genuine issue as to whether the medical treatment Hightower received constituted deliberate indifference. *See Sanchez,* 891 F.2d at 242 (instructing that neither a difference of opinion about the best course of medical treatment, nor a mere delay in care, is sufficient to state a claim for deliberate indifference).

The district court properly granted summary judgment on Hightower's retaliation claims because he did not raise a genuine issue of material fact as to whether the defendants' actions were based on a retaliatory motive rather than a legitimate correctional goal. *See Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir.2005) (indicating that an essential element to a First Amendment retaliation claim is not satisfied when there is a legitimate correctional goal for the action taken).

The district court did not err by dismissing claims against defendants Burton, Allen and Todd because Hightower did not exhaust his administrative remedies prior to filing a complaint in the district court. *See McKinney v. Carey,* 311 F.3d 1198 1200–01 (9th Cir.2002) (stating that 42 U.S.C. § 1997e(a) requires prisoners to exhaust all available administrative remedies before bringing an action).

ed by 9th Cir. R. 36–3.

Hightower's remaining contentions are unpersuasive.

**AFFIRMED.**