**Jose Ramon MENDOZA–GAUNA, Plaintiff—Appellant,**

v.

**CORRECTIONS CORPORATION OF AMERICA, Defendant—Appellee.**

No. 07–15473.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 15, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**230**

Lori L. Voepel, Esq., Jones Skelton & Hochuli, PLC, Phoenix, AZ, for Plaintiff–Appellant.

Jose Ramon Gauna–Mendoza, Lompoc, CA, pro se.

Daniel P. Struck, Esq., Christina Retts, Esq., Jones Skelton & Hochuli, PLC, Phoenix, AZ, for Defendant–Appellee.

Before: WALLACE, TROTT, and RYMER, Circuit Judges.

### MEMORANDUM **

Jose Ramon Mendoza–Gauna, an Arizona state detainee, appeals pro se from the district court's summary judgment in his diversity action alleging negligence and medical malpractice. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Sanchez v. Vild,* 891 F.2d 240, 241–42 (9th Cir.1989). We affirm.

■ The district court properly determined that no reasonable jury could conclude that the defendant's alleged negligence was the proximate cause of Mendoza–Gauna's injuries. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (holding that the mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient to create a triable issue); *see also Gipson v. Kasey,* 214 Ariz. 141, 150 P.3d 228, 230 n. 1 (2007) (stating that although causation is a factual matter, summary judgment may be appropriate if no reasonable juror could conclude that the damages were proximately caused by the defendant's conduct).

■ The district court properly granted summary judgment on Mendoza–Gauna's medical malpractice claim because he did not raise a triable issue as to whether his medical treatment deviated from the proper standard of care. *See Stanley v. McCarver,* 208 Ariz. 219, 92 P.3d 849, 854 n. 5 (2004) ("[T]o establish a claim of medical malpractice, a plaintiff must prove that the health care provider failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which he belongs within the state acting in the same or similar circumstances.").

Mendoza–Gauna's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.