**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KURT JEFFREY ANGELONE,

        Plaintiff - Appellant,

  v.

MICHAEL FURST, Psychiatrist; et al.,

        Defendants - Appellees.

No. 09-35437

D.C. No. 3:07-cv-05538-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

    Kurt Jeffrey Angelone, a Washington state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

violations of his federal constitutional rights. We have jurisdiction under 28

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on the Eighth Amendment claims against defendants Figueroa, Wu, Amaru, Rossi, and Furst because Angelone failed to raise a genuine issue of material fact as to whether their treatment of his headaches and decisions regarding medications constituted deliberate indifference. *See id.* at 1057-60 (a prison official acts with deliberate indifference only if he knows of and disregards an excessive risk to inmate health, and a difference of opinion concerning the appropriate course of treatment generally does not amount to deliberate indifference).

The district court properly granted summary judgment to defendant Furst on Angelone's privacy claims because Angelone failed to present any evidence supporting his claim that Furst violated his constitutional or legal rights. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (nonmoving party must present significant probative evidence supporting its claim that material, triable issues of fact remain).

However, the district court erred in dismissing Angelone's claims against Furst without addressing his claim of retaliation under the First Amendment. In his verified complaint and opposition, Angelone alleged that Furst threatened to,

and did, lie to Angelone's medical provider about Angelone being a benzodiazepines seeker, in retaliation for Angelone exercising his First Amendment rights, thereby causing Angelone to be taken off Valium. Viewed in the light most favorable to Angelone, this could raise a genuine issue of material fact regarding Furst's intent that Angelone be taken off Valium. *See Bruce v. Ylst*, 351 F.3d 1283, 1288-89 (9th Cir. 2003) (summary judgment not appropriate where inmate raised a genuine issue as to whether the stated penological goal for the allegedly retaliatory act was not legitimate). Accordingly, we remand for the district court to consider this claim in the first instance.

Angelone's remaining contentions are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**