**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CHRISTOPHER E. WHITE, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CHARLES D. LEE, M.D., Health Care Manager; et al., <br><br> Defendants - Appellees. | No. 10-15874 <br><br> D.C. No. 3:08-cv-03781-SI <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Christopher E. White, a former California state prisoner, appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

prison personnel violated his Eighth Amendment rights by acting with deliberate

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

indifference to his medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir. 1989). We affirm.

The district court properly granted summary judgment because White failed to raise a genuine dispute of material fact as to whether defendant's decision to treat White's diabetes with oral medications instead of insulin amounted to deliberate indifference. *See Sanchez*, 891 F.2d at 242 (a difference of opinion about the best course of medical treatment does not amount to deliberate indifference).

The district court did not abuse its discretion in denying White's request for a continuance under Federal Rule of Civil Procedure 56(f) to conduct additional discovery because White failed to show how allowing additional discovery would have precluded summary judgment. *See Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006) (setting forth standard of review).

White's remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**