**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MITCHELL FIELDS, | No. 10-15542 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00659-KJD-GWF |
| v. | |
| BRUCE BANNISTER, Medical Director for Nevada Department of Corrections; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Mitchell Fields, a Nevada state prisoner, appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging numerous constitutional violations, and claims under the Americans with Disabilities Act ("ADA").  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (per curiam) (summary judgment); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (exhaustion).  We may affirm on any basis supported by the record.  *Valdez v. Rosenbaum*, 302 F.3d 1039, 1043 (9th Cir. 2002).  We affirm in part, vacate in part, and remand.

Summary judgment was proper on the Eighth and Fourteenth Amendment claims against defendants Bannister and Skolnik because Fields failed to raise a genuine dispute of material fact as to whether their actions amounted to deliberate indifference to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to be deliberately indifferent, a prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety"); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (a difference of opinion about the best course of medical treatment does not amount to deliberate indifference); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

Summary judgment was proper on the ADA claim because Fields did not raise a triable dispute as to whether he was discriminated against by reason of, or entitled to an accommodation for, a disability.  *See O'Guinn v. Lovelock Corr.*

*Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (listing elements of a claim under Title II of the ADA).

However, we vacate the judgment dismissing Fields's excessive force claim because defendants have failed to carry their burden of proving that Fields failed to exhaust administrative remedies. *See Wyatt*, 315 F.3d at 1116-17, 1120 (incomplete and unauthenticated record is inadequate to establish nonexhaustion). For instance, because it is unclear from the record when Fields received the prison's responses to his grievances, we cannot verify the timeliness of his appeals. *See* Nev. A.R. 740.02 § 1.3.2 (time limits shall begin to run from the date an inmate receives a response for appeal); *see also Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (exhaustion is not required where administrative remedies are "effectively unavailable" because of improper screening of grievances). Accordingly, we vacate the district court's judgment and remand for further proceedings on this claim.

Dismissal of Fields's retaliation claim for failure to exhaust administrative remedies was also improper because the record shows that both of Fields's attempts to file grievances regarding his allegedly retaliatory placement in administrative segregation were improperly rejected as duplicates of his excessive

3                                                                10-15542

force grievance.  Accordingly, we vacate the district court's judgment and remand for further proceedings on this claim as well.  *See Sapp*, 623 F.3d at 823.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

10-15542