**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MITCHELL FIELDS, | No. 13-15963 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00659-KJD-GWF |
| v. | |
| CHERYL BURSON; BRIAN WILLIAMS; CAMERON SEISAN, Correctional Officer - erroneously sued as C/O Seisan, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, Senior District Judge, Presiding

Argued and Submitted April 13, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges and BENITEZ,** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

Mitchell Fields is a Nevada state prisoner who has claimed numerous violations of federal law and his constitutional rights by prison officials. We earlier affirmed the summary judgment against him on all grounds except his claims for excessive force and retaliation. *Fields v. Bannister*, 453 F. App'x 720, 721 (9th Cir. 2011). We remanded the excessive force and retaliation claims because the defendants had not shown that Fields failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *Id.*

On remand, the defendants demonstrated that Fields received notice of the prison's rejection of his excessive force grievance, but he failed to timely appeal that decision. We therefore affirm the district court's determination that Fields failed to exhaust his excessive force grievance.

In Fields's earlier appeal, we remanded the retaliation claim because the record showed that prison officials improperly screened Fields's two grievances claiming retaliatory placement in administrative segregation ("ad seg") as duplicates of his excessive force grievances. *Id.* On remand, the district court agreed with defendants that our earlier decision had overlooked a third retaliation grievance which was properly screened. The record before us now, however, does not show that the third grievance was properly screened. If it was not, Fields's

2

failure to exhaust his retaliation claim is excused. *See Sapp v. Kimbrell*, 623 F.3d 813, 823–24 (9th Cir. 2010) (excusing failure to exhaust where improper screening of grievances renders administrative remedies "effectively unavailable"). Assuming the failure to exhaust was excused, we look to the merits and conclude the retaliation claim fails.

Fields claims he was placed in ad seg for filing an excessive force grievance against a guard. The defendants contend that Fields was placed in ad seg for his own protection. In response, Fields contends that the motivation must have been retaliatory because the guard in question had been assigned to ad seg during Fields's stay there. The record reflects, however, that when Fields was placed in ad seg in November 2007, the prison did not know the identity of the guard who allegedly used excessive force on Fields, and the motivation for his placement could not have been retaliatory.

Fields also points to the fact that he was kept in ad seg after the investigation of the excessive force grievance was complete, and after he had informed prison officials of the guard's identity and his assignment to ad seg. Absent a showing of retaliatory motives on the part of prison officials with respect to the initial placement, maintaining the placement for the additional period does not give rise to a viable claim of retaliation. There is no clearly established law that a prisoner

3

should be released from ad seg immediately upon the prison's learning of the presence of a hostile guard. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Even if Fields could establish a violation of his rights, the defendants would be entitled to qualified immunity. *See id.*

Fields's unopposed motion to take judicial notice is granted.

**AFFIRMED**.