*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-405

FEBRUARY TERM, 2014

| | | |
|---|---|---|
| Matthew Stevens | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Washington Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Andrew Pallito, Tammy Osbourne, Shay | } | DOCKET NO. 568-8-12 Wncv |
| Mitchell, ARNP and Derrick Hamilton, M.D. | } | |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Plaintiff, an inmate committed to the custody of the Commissioner of Corrections, appeals pro se from a judgment in favor of the Commissioner on plaintiff's claim for damages resulting from the Commissioner's alleged indifference to plaintiff's medical needs. We affirm.

In March 2012, plaintiff filed a complaint against the Commissioner and several employees of the Kentucky prison where he was then incarcerated, alleging that they had violated his civil rights and the Eighth Amendment to the United States Constitution by providing inadequate medical care. In early July 2013, the court granted a motion to dismiss the three out-of-state defendants for failure to effectuate service. Later that month, the court held a court trial on plaintiff's suit against the Commissioner for damages resulting from his allegedly improper transfer of plaintiff to prison in Kentucky and the failure to provide him with necessary pain medication, treatment, and accommodations.

Plaintiff testified at the trial that, while incarcerated in Vermont, he had been provided with a number of medications, including codeine and Vicodin for chronic pain resulting from a diagnosed spinal condition. After his transfer to the prison in Kentucky he was not allowed these medications because the responsible parties in Kentucky declined to provide them. Plaintiff testified that his condition worsened after he slipped on the wet floor while incarcerated in Kentucky. In addition to describing the pain resulting from his condition, plaintiff testified that he also had to buy his own food from the commissary in Kentucky because he had difficulty walking to the dining hall.

The medical director of the Southern State Correctional Facility in Vermont where plaintiff had been previously incarcerated, and where he had recently returned, also testified. He testified that the source of plaintiff's pain was of a diffuse nature and exacerbated by anxiety, which had resulted in the prescription of an antidepressant as well as pain relievers.

He further stated that plaintiff was not considered to have any medical conditions that would have disqualified his transfer to Kentucky in 2008; that in Kentucky plaintiff had received non-steroidal anti-inflammatory medications including Flexeril and Naprosyn; that since plaintiff's return to Vermont he had been prescribed the same anti-inflammatories; that stronger opiates or narcotic medications were not necessary for plaintiff's condition; and that plaintiff was able to maintain a consistent level of function with his current treatment.

At the conclusion of the hearing, the court entered findings on the record. The court ruled that that plaintiff had not met the standard that would entitle him to damages for inadequate medical care, and also that plaintiff had failed to establish the Commissioner's personal culpability for any decision affecting plaintiff's care. The court subsequently entered a written judgment affirming that plaintiff had failed to show that defendant treated him with "deliberate indifference" to his rights. This pro se appeal followed.

Although his arguments are difficult to parse, we understand plaintiff to be making two main arguments on appeal. First, he questions the court's dismissal of the Kentucky prison officials, arguing that Vermont courts have personal jurisdiction over them by virtue of the relationship between their employer and the State of Vermont. We don't need to reach plaintiff's argument about jurisdiction because the case was dismissed not because there was no personal jurisdiction, but on the ground that he had not effectively served the three Kentucky defendants. He does not claim that they were ever properly served, and the failure of service is a proper basis of dismissal. V.R.C.P. 3.

He also challenges the court's conclusion that the evidence was insufficient to establish the alleged civil rights violations resulting from his transfer to Kentucky and medical care while in state custody. The U.S. Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment" sufficient to establish a civil rights violation. Estelle v. Gamble, 429 U.S. 97, 104 (1976) (quotation omitted). The Court cautioned, however, that mere disagreements over medical care and even medical negligence in diagnosing and treating a medical condition are insufficient to establish such a violation or to demonstrate conduct "repugnant to the conscience of mankind." Id. at 105-106 (quotation omitted). Thus, it is well settled that "[a] difference of opinion [regarding treatment] does not amount to a deliberate indifference to [a prisoner's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Here, the trial court's conclusion that plaintiff had not demonstrated a "deliberate indifference" was supported by the medical director's testimony that plaintiff suffered no disqualifying medical condition for transfer to an out-of-state prison facility, and that the treatment he received while in the custody of the Department of Corrections—including his time in Kentucky—conformed with prevailing standards of medical standard of care. Although plaintiff stated a different opinion, the trial court's findings were supported by evidence in the record and were not clearly erroneous. In re A.F., 160 Vt. 175, 178 (1993) (stating that Court will uphold factual findings on appeal unless clearly erroneous or unsupported by record). Accordingly, we affirm the court's judgment on this basis. Because we affirm on this basis, we don't need to consider plaintiff's additional claim that the court

erred in finding the commissioner's personal involvement in the decisions was insufficient to hold him individually liable.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice