**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN ROBERT SILVIS, | No. 11-15776 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00332-LJO-GSA |
| v. | |
| R. DAVIS, Doctor; WEED, Doctor; PAPPENFUS, Doctor; DENNIS SMITH, Doctor; DENIS PERRY; BRIAN M. REES, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted October 7, 2014
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and McKEOWN, Circuit Judges.

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

John Silvis appeals from the district court's grant of summary judgment in favor of the defendants in his 42 U.S.C. § 1983 claim. We affirm.

The district court properly determined that there is no genuine dispute as to any material facts that would establish that the prison doctors violated Silvis's rights under the Eighth Amendment. *See* Fed. R. Civ. P. 56.

To establish that the prison doctors were deliberately indifferent to a serious medical need in violation of the Eighth Amendment, Silvis must show that the doctors were aware of facts from which they could draw an inference that a substantial risk of serious harm existed and that they actually drew such an inference. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Silvis has failed to produce sufficient evidence that the prison doctors, prior to Silvis's ultimate diagnosis with acoustic neuroma, intentionally denied him medical care. The evidence Silvis has produced regarding his requests for medical attention is insufficient to show that the prison doctors had *subjective* awareness of his condition prior to his diagnosis.

First, although Silvis's amended complaint recounts two conversations with defendant Dr. Perry and one with defendant Dr. Rees in 2002, his same complaint admits that after such conversations, Silvis received a cane to treat his dizziness and was referred to an outside ear, nose, and throat specialist. And while Silvis's

2

complaint and the contact log he created allege that he wrote letters to the prison

doctors explaining his symptoms, he has produced no evidence that any of the

defendants actually received such letters. Moreover, Silvis failed to produce

copies of the alleged letters and the summaries offered in his contact log are too

conclusory to create a genuine issue of material fact as to the doctors' subjective

state of mind. At most, the letters would have given the doctors awareness of facts

from which they could have drawn an inference,[1] but Silvis failed to produce

evidence that they actually drew that inference. Thus, even if the court were to

assume that the doctors received the letters, under the Supreme Court's holding in

*Farmer v. Brennan*, Silvis's evidence is insufficient to show that the prison doctors

had subjective awareness of any serious medical need. *See Farmer*, 511 U.S. at

837.

After his diagnosis, Silvis received adequate medical treatment under the

direction of the prison doctors in this case. His disagreement with respect to the

types of treatments offered is not sufficient to defeat the defendants' motion for

---

[1]For instance, Silvis's contact log repeatedly summarizes his letters by asserting that they explained his "medical problems," "symptoms," and "condition," but there is nothing in the log or in any other evidence Silvis has produced that shows that the prison doctors actually used this information to draw the inference that Silvis was experiencing a serious medical need.

3

summary judgment.  *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

**AFFIRMED.**

Silvis v. Davis, No. 11-15776

THOMAS, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that the district court properly granted summary judgment on Silvis's post-diagnosis claims. However, because I believe there were genuine issues of material fact concerning his pre-diagnosis claims, I respectfully dissent in part.

Viewing the evidence before the district court in the light most favorable to Silvis, there were triable issues of fact as to whether Drs. Pappenfus, Perry, Smith, Rees, and Davis were deliberately indifferent to Silvis's serious medical needs before his brain tumor was diagnosed. As we recently observed:

> Prison officials violate the Eighth Amendment if they are deliberately indifferent to a prisoner's serious medical needs. A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain. A prison official is deliberately indifferent to that need if he knows of and disregards an excessive risk to inmate health.

*Peralta v. Dillard*, 744 F.3d 1076, 1081–82 (9th Cir. 2014) (en banc) (citations, quotation marks, and brackets omitted).

The fact that Silvis's brain tumor was a serious medical need is not disputed. Silvis asserts that three sources of evidence in the record—his verified complaint, his signed declaration in opposition to summary judgment, and a log of contacts he prepared and declared truthful in an accompanying signed declaration—raised a

genuine dispute as to the doctors' deliberate indifference. His verified complaint alleged that he informed prison officials that he experienced seizures, dizziness, headaches, and hearing loss prior to the discovery of his brain tumor. It specifically alleged that he saw Drs. Perry and Rees in 2002 and informed them of his symptoms and medical history. It further stated that he advised Dr. Perry of worsening symptoms in July 2002. Doctors allegedly provided only a cane in response to these visits. Silvis's signed declaration in support of his opposition to summary judgment presented the same allegations in further detail. It also alleged that Silvis began writing letters to Drs. Davis, Pappenfus, Perry, and Smith explaining his symptoms upon his arrival at the prison and that he wrote approximately ten such letters from that time until his tumor was diagnosed in May 2003. The contact log Silvis prepared and lodged with the district court after the motion for summary judgment was fully briefed specifically documented these contacts and many others. The log implicated all appellees except Dr. Weed in Silvis's pre-diagnosis care. A declaration signed by Silvis and submitted concurrent to his log stated under the penalty of perjury that the log was accurate and truthful.

The district court granted summary judgment to the doctors because Silvis did not show that they consciously disregarded his need for treatment. The court

credited the doctors' statements that they never refused care and did not intentionally cause Silvis any injury or harm, and concluded that Silvis failed to offer any admissible evidence to raise a genuine dispute of material fact.

The district court's treatment of Silvis's evidence of the doctors' deliberate indifference was error. "Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). "The requirement of deliberate indifference is less stringent in cases involving a prisoner's medical needs than in other cases involving harm to incarcerated individuals because "[t]he State's responsibility to provide inmates with medical care ordinarily does not conflict with competing administrative concerns." *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). In a case involving deferral or denial of needed surgery, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need" and the denial of care must be harmful. *Id.* "Once those prerequisites are met, it is up to the factfinder to determine whether or not the defendant was deliberately indifferent to the prisoner's medical needs." *Id.* (quotation marks omitted).

Silvis submitted ample evidence to show that Drs. Pappenfus, Perry, Smith,

-3-

Rees, and Davis purposefully ignored or failed to respond to his medical needs. He thereby met his burden to "go beyond the pleadings" and by his own affidavits or other evidence "designate specific facts showing that there is a genuine issue for trial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotation marks omitted). Silvis's verified complaint and other pleadings are sufficient evidence to oppose a motion for summary judgment. *See Johnson v. Meltzer*, 134 F.3d 1393, 1399–400 (9th Cir. 1998) (verified motion functionally equivalent to an affidavit); *McElyea v. Babbitt*, 833 F.2d 196, 197–98 n.1 (9th Cir. 1987) (verified complaint meets *Celotex* affidavit requirement).

"[This court has] held consistently that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (citation omitted). The district court did not follow this command when it granted summary judgment without credit to Silvis's sworn complaint, declaration, and contact log. The contentions, statements, and documents Silvis produced below raise questions of fact regarding his pre-diagnosis care inappropriate for resolution on summary judgment. Therefore, I respectfully dissent.

-4-