MEMORANDUM *
John Silvis appeals from the district court’s grant of summary judgment in favor of the defendants in his 42 U.S.C. § 1983 claim. We affirm.
The district court properly determined that there is no genuine dispute as to any material facts that would establish that the prison doctors violated Silvis’s rights under the Eighth Amendment. See Fed. R.Civ.P. 56.
To establish that the prison doctors were deliberately indifferent to a serious medical need in violation of the Eighth Amendment, Silvis must show that the doctors were aware of facts from which they could draw an inference that a substantial risk of serious harm existed and that they actually drew such an inference. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir.2004) (citing Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). Silvis has failed to produce sufficient evidence that the prison doctors, prior to Silvis’s ultimate diagnosis with acoustic neuroma, intentionally denied him medical care. The evidence Silvis has produced regarding his requests for medical attention is insufficient to show that the prison doctors had subjective awareness of his condition prior to his diagnosis.
First, although Silvis’s amended complaint recounts two conversations with defendant Dr. Perry and one with defendant Dr. Rees in 2002, his same complaint admits that after such conversations, Silvis received a cane to treat his dizziness and was referred to an outside ear, nose, and throat specialist. And while Silvis’s complaint and the contact log he created allege that he wrote letters to the prison doctors explaining his symptoms, he has produced no evidence that any of the defendants actually received such letters. Moreover, Silvis failed to produce copies of the alleged letters and the summaries offered in his contact log are too conclusory to create a genuine issue of material fact as to the doctors’ subjective state of mind. At most, the letters would have given the doctors awareness of facts from which they could have drawn an inference,[1] but Silvis failed to produce evidence that they actually drew that inference. Thus, even if the court were to assume that the doctors received the letters, under the Supreme Court’s holding in Farmer v. Brennan, Silvis’s evidence is insufficient to show that the prison doctors had subjective awareness of any serious medical need. See Farmer, 511 U.S. at 837, 114 S.Ct. 1970.
After his diagnosis, Silvis received adequate medical treatment under the direction of the prison doctors in this case. His disagreement with respect to the types of treatments offered is not sufficient to *608 defeat the defendants’ motion for summary-judgment. See Estelle v. Gamble, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. For instance, Silvis's contact log repeatedly summarizes his letters by asserting that they explained his "medical problems,” "symptoms,” and "condition,” but there is nothing in the log or in any other evidence Silvis has produced that shows that the prison doctors actually used this information to draw the inference that Silvis was experiencing a serious medical need.