**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NARVIEZ V. ALEXANDER, | No. 12-16618 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00217-LRH-WGC |
| v. | |
| STATE OF NEVADA, NEVADA DEPARTMENT OF CORRECTIONS, et al., | MEMORANDUM[*] |
| Defendants, | |
| and | |
| HOWARD SKOLNIK, et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted June 9, 2015
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: CHRISTEN and WATFORD, Circuit Judges, and RAKOFF,[**] District Judge.

**1.** The district court properly granted summary judgment to defendants on Alexander's Eighth Amendment claim under 42 U.S.C. § 1983. Even if we assume, as did the district court, that Alexander has a serious medical need (whether on account of his sickle cell trait or for other reasons), there is no genuine dispute as to whether prison medical personnel were deliberately indifferent to it. Prison doctors ran a battery of tests, including repeated tests of the oxygen saturation of Alexander's blood, before concluding that there was no objective medical support for Alexander's theory that the elevation at Ely State Prison caused him severe pain associated with his sickle cell trait. In the absence of any objective correlate to Alexander's pain complaints, no reasonable jury could find the doctors deliberately indifferent to Alexander's condition.

**2.** The district court properly granted summary judgment to defendants on Alexander's due process claim. He has not alleged an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Placement in administrative segregation alone generally does not implicate a liberty interest, *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th

---

[**] The Honorable Jed S. Rakoff, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Cir. 2003), and Alexander has not provided any objective medical support for his claim that, as in *Serrano*, 345 F.3d at 1079, the combination of his medical issues and conditions of confinement rises to the level of an "atypical and significant hardship." Even if Alexander has shown such a hardship, he received due process in the form of regular re-evaluations of his housing assignment. That the prison on occasion fell short of procedures set forth in the Nevada Department of Corrections regulations demanding such review every thirty days is not a matter of constitutional dimension.

**3.** The district court did not abuse its discretion in refusing to appoint a medical expert. Such an expert's testimony would have, at best, established a difference of medical opinion, which would not be sufficient to support Alexander's Eighth Amendment deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Nor was the district court's refusal to grant Alexander Internet access for research purposes an abuse of discretion. Alexander cites no authority holding that a district court is compelled to grant such access in these circumstances.

**4.** Appellant's motion for judicial notice, filed September 29, 2014, is DENIED.

**AFFIRMED.**