NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CORY DEWAYNE MICENHEIMER, | No. 18-56490 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-04314-CJC-JEM |
| v. | |
| P. FINANDER, Chief Medical Executive, individual; S. MORRIS, Chief Physician and Surgeon, individual; P. SHANK, Chief Executive Officer, Health Care, individual; M. RABANIPOUR, an individual; JOHN DOE, an individual, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted November 1, 2019**

Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.

Cory Micenheimer appeals from the district court's grant of summary

judgment in favor Dr. M. Rabanipour, Dr. P. Finander, Dr. P. Shank, and Dr. S.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Morris ("prison officials"), finding that they were not deliberately indifferent to his medical needs regarding the injuries to his knee and finger and that they were entitled to qualified immunity. The facts of this case are known to the parties, and we do not repeat them here.

I

The district court did not err in granting summary judgment on Micenheimer's Eighth Amendment claim relative to his knee. Micenheimer has made no showing that prison officials acted with deliberate indifference to his medical needs in denying his request to see an orthopedist for further treatment of his knee. *See Helling v. McKinney,* 509 U.S. 25, 32 (1993). It is undisputed that Dr. Rabanipour treated Micenheimer's knee on multiple occasions after his return from Palmdale Regional Medical Center, and Micenheimer testified this treatment was professional and excellent. *See Toguchi v. Chung,* 391 F.3d 1051, 1057 (9th Cir. 2004). Dr. Rabanipour determined there was no swelling or redness, that Micenheimer could perform his daily activities without difficulty, and, therefore, it was not medically necessary for him to see an orthopedist. At most, there is a difference of opinion in appropriate medical treatment, which is insufficient to constitute deliberate indifference. *See Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989). Because Dr. Rabanipour is not liable, the other prison officials, who never treated Micenheimer, are not liable either since there can be no liability under §

2

1983 where there is no underlying constitutional violation, *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1021 (9th Cir. 2010), and a § 1983 claim cannot be premised on a theory of respondeat superior. *See Ashcroft v. Iqbal,* 556 U.S. 662, 675-77 (2009).

II

The district court did not err in granting summary judgment on Micenheimer's Eighth Amendment claim relative to his finger. It is undisputed that Micenheimer did not submit an appeal regarding the treatment of his finger until three months after he had been treated by Dr. Rabanipour, which is more than the fifteen-day deadline to file such appeals. *See Harvey v. Jordan,* 605 F.3d 681, 683 (9th Cir. 2010). Because Micenheimer did not exhaust all possible administrative remedies, his claim is barred. *See Booth v. Churner,* 532 U.S. 731, 741 (2001). However, even if such claim were not barred because of untimeliness, Micenheimer has made no showing that prison officials acted with deliberate indifference to his medical needs in denying his request for surgery to treat his finger injury. *See Helling v. McKinney,* 509 U.S. 25, 32 (1993). It is undisputed that at Palmdale Regional Medical Center, his finger was put back into place so that he had full range of motion, and upon his return, he received follow-up treatment by prison medical officials. Again, at most, there is a difference of opinion which does not constitute deliberate indifference. *See Sanchez,* 891 F.2d

at 242 (9th Cir. 1989). Micenheimer failed to show deliberate indifference here as well.

## III

The district court did not err in granting summary judgment in favor of prison officials based on qualified immunity. Viewing the evidence in the light most favorable to Micenheimer, it would not have been clear to a reasonable medical doctor, that by reaching certain medical opinions and prescribing certain treatment based upon examinations of the injured knee and finger, he was engaging in conduct that violated clearly established law. *See Hamby v. Hammond,* 821 F.3d 1085, 1092-94 (9th Cir. 2016). Therefore, the district court properly concluded that prison officials were entitled to qualified immunity and correctly granted summary judgment in their favor.

**AFFIRMED.**