NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEWIS D. SHAW, | No. 19-15147 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-00462-YGR |
| v. | |
| L. THOMAS; B. FELLOWS; N. IKEGBU; D. JACOBSEN; M. MCLEAN; RISENHOOVER; ADAM; VENES; ALPAUGH; D. GEORGE; C. SAYRE, | MEMORANDUM* |
| Defendant-Appellees, | |
| and | |
| M. HANSEN; DORFMAN, | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted July 17, 2020**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before O'SCANNLAIN, TROTT, N.R. SMITH, Circuit Judges:

Lewis Shaw appeals from the district court's grant of summary judgment in favor of prison officials, finding that they were not deliberately indifferent to his medical needs, that Shaw failed to exhaust his retaliation claim, and that prison officials were entitled to qualified immunity. The facts of this case are known to the parties, and we do not repeat them here.

I

The district court did not err in granting summary judgment on Shaw's Eighth Amendment claim regarding his thumb injury. Shaw has made no showing that prison officials acted with deliberate indifference to his medical needs in cleaning his wound, removing his splint, and denying him surgery. It is undisputed that after Shaw returned from the outside hospital where his wound was sutured and a temporary splint applied, he was prescribed antibiotics and pain medication, received regular dressing changes, and medical officials found no infection in his thumb. Even if this care were negligent, it does not rise to the level of deliberate indifference, as Shaw has presented no evidence that officials knew of and ignored his serious medical needs. *See Toguchi v. Chung,* 391 F.3d 1051, 1057 (9th Cir. 2004). It is further undisputed that Shaw was seen regularly by medical officials, including an orthopedist, to monitor the healing of his fracture and that he participated in physical therapy sessions. Shaw contends that medical officials

2

removed his splint prematurely.  Yet, this amounts to, at most, a difference of opinion in appropriate medical treatment, which is not enough for an Eighth Amendment claim.  *See Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989).

## II

The district court did not err in granting summary judgment on Shaw's retaliation claim against Physician Assistant Thomas.  It is undisputed that Shaw did not even mention the alleged "coercive tactics" in his grievance until the third level of review.  In that grievance, though, Shaw only complained of Thomas's inadequate care in dressing changes and removing his splint, not of retaliation.  Since Shaw has failed to exhaust the administrative remedies available to him, he cannot bring a lawsuit in federal court.  42 U.S.C. § 1997e(a).

## III

The district court did not err in granting summary judgment in favor of prison officials based on qualified immunity.  Viewing the evidence in the light most favorable to Shaw, it would not have been clear to a reasonable medical doctor, that by reaching certain medical opinions and prescribing certain treatment based upon examinations of Shaw's thumb, he was engaging in conduct that violated clearly established law. *See Hamby v. Hammond,* 821 F.3d 1085, 1092-94 (9th Cir. 2016).  Therefore, the district court properly concluded that prison officials were entitled to qualified immunity and correctly granted summary

3

judgment in their favor.

IV

The district court did not abuse its discretion in denying Shaw's motion under Fed. R. Civ. P. 56(d) to postpone ruling on summary judgment so that he could conduct additional discovery. Shaw failed to identify specific facts he hoped to elicit from further discovery and that such facts are essential to oppose summary judgment. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

**AFFIRMED.**