**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONNY STEWARD,

          Plaintiff-Appellant,

  v.

A. ARYA, M.D.,

          Defendant-Appellee.

No.   22-15372

D.C. No.
2:18-cv-00462-TLN-JDP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted March 19, 2024[**]
San Francisco, California

Before: FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Donny Steward, a California state prisoner, appeals pro se from the district

court's grant of summary judgment in favor of his doctor, A. Arya, on the claim

that Arya was deliberately indifferent to his medical needs under 42 U.S.C.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1983.[1] Steward also challenges the district court's dismissal of Doctor Dillon and Registered Nurses Dimaculangan and Kelly on the basis that they were improperly joined in the action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, viewing the evidence in Steward's favor. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We generally review a district court's decision concerning joinder for an abuse of discretion. *See Deschutes River All. v. Portland Gen. Elec. Co.*, 1 F.4th 1153, 1158 (9th Cir. 2021). We affirm.

First, Steward claims that Arya acted with deliberate indifference to his medical needs in violation of the Eighth Amendment. To establish "deliberate indifference," a prisoner must first show that the alleged harm is objectively "sufficiently serious" and that the prison official knew of and disregarded an excessive risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[A] prison official who was unaware of a substantial risk of harm to an inmate may nevertheless be held liable under the Eighth Amendment if the risk

---

[1] Steward also appears to assert: (1) abuse of the discovery process, (2) "[f]ailure to protect," (3) "[s]upervisory liability," (4) "[n]egligent government employees," (4) discrimination based on disability, and (5) "[m]edical malpractice." Steward fails to substantively address or provide law supporting these claims and has thus forfeited them. *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived."). Regardless, these claims lack merit.

2

was obvious and a reasonable prison official would have noticed it." *Id.* at 842–43.

Viewing the record in the light most favorable to Steward, Arya was not deliberately indifferent to his health or safety. Steward claims that Arya failed to properly address his incontinence condition by failing to provide a sufficient number of diapers, absorbent pads, and other sanitary materials. Steward claims that, due to this shortage of supplies, he developed a painful bump between his buttocks. But even assuming Steward suffered "sufficiently serious" harm due to insufficient supplies, *Farmer*, 511 U.S. at 834, the record reflects that Arya made a reasonable effort to provide Steward with an appropriate number of supplies based on Steward's description of his needs.

Steward also claims that Arya acted with deliberate indifference by deciding not to renew Steward's nitroglycerin prescription for chest pain, which resulted in him having a heart attack.[2] But Arya reasonably discontinued the medication after finding that hypertension was the likely source of Steward's chest pain, And Steward does not contest that nitroglycerin is not medically indicated for chest pain in the absence of conditions that Arya found Steward did not have.

The record further reflects that Arya ordered multiple medications for Steward's incontinence and chest pains, some of which Steward refused to take, performed and ordered a number of examinations, and referred Arya to specialists.

---

[2] The parties dispute whether Steward actually had a heart attack.

3

Because Arya's efforts to address Steward's conditions were reasonable, it cannot be said that Arya "disregarded an excessive risk" to Steward's health.[3] *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (holding that a prisoner's mere disagreement with a course of treatment does not support a claim of deliberate indifference).

Second, Steward claims that the district court erred by dismissing Dillon, Dimaculangan, and Kelly as defendants to the action. But Steward fails to allege sufficient facts to state a cognizable claim against these individuals. Fed. R. Civ. P. 20(a)(2); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand [dismissal].").[4]

**AFFIRMED.**

---

[3] Steward also claims that Arya acted with deliberate indifference by attempting to treat a cut on his toe with an anti-fungal cream and extending the refill period for his inhaler. With respect to both allegations, Steward fails to assert any facts indicating that he was harmed as a result of Arya's actions.

[4] Steward's motion for summary judgment (Dkt. No. 36) and motion to be designated a whistleblower (Dkt. No. 9) are **DENIED.**