**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| DEVONTE BERNARD HARRIS, | No.   22-16895 |
| Plaintiff-Appellant, | D.C. No. |
| | 1:19-cv-00462-ADA-EPG |
| v. | |
| K KYLE, RALPH DIAZ, KEN CLARKE, D OVERLY, B. GROSSMAN, THOMPSON, J. DEPOVIC, E. MORENO, M. WRIGHT, J. GAMEZ, C. CASTILLO, SPECIAL APPEARANCE, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Ana de Alba, District Judge, Presiding

Submitted June 4, 2024[**]
San Francisco, California

Before:  WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

Pro se Plaintiff-Appellant Devonte Harris appeals from the district court's

order granting summary judgment in favor of, and entering final judgment for,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Defendants-Appellees. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's summary judgment de novo. *See Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We review the denial of a motion to amend a complaint for abuse of discretion. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). We affirm.

The district court did not err in holding that Defendants-Appellees did not act with deliberate indifference to Harris's alleged substantial risk of attempted suicide, which occurred in May 2018, by not precluding his placement in short term restricted housing (STRH) at California State Prison-Corcoran in September 2016 and December 2017. *See Toguchi*, 391 F.3d at 1057. Harris alleged that he faced this heightened risk because STRH cells do not receive natural light.[1] However, Defendants-Appellees presented unrebutted evidence showing that STRH cells receive direct natural light from a skylight and indirect natural light from a hallway-facing window. Additionally, Harris's medical records did not document any prior suicide attempts, nor did he have a history of claustrophobia or agoraphobia. Instead, Harris's medical records indicated that he had a history of reporting symptoms, including suicidal ideation, to avoid certain housing placements. Under

---

[1] We do not consider Harris's argument, raised for the first time on appeal, that he faced a heightened risk of suicide because cells in STRH lack a "direct outside view." *See Ramirez v. Galaza*, 334 F.3d 850, 859 n.6 (9th Cir. 2003) ("We have consistently held that a party may not raise new issues of fact on appeal after declining to present those facts before the trial court.").

these circumstances, it cannot be reasonably said that there was a substantial risk of Harris's suicide attempt. To the extent Harris disagrees with Defendants-Appellees' assessment that developing coping strategies was the appropriate treatment, rather than preclusion of STRH placement, "[a] difference of opinion does not amount to [] deliberate indifference." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

The district court did not err in holding that Defendants-Appellees did not act with deliberate indifference to Harris's alleged substantial risk of injury due to his placement in the Indecent Exposure (IEX) pilot program. *See Toguchi*, 391 F.3d at 1057. Harris alleged that he faced this heightened risk because, if he did not attack protective-custody prisoners in the program, he believed that he would be attacked by general-population prisoners if returned to general population. Defendants-Appellees' unrebutted evidence showed that Harris: (1) did not identify a threat from a particular prisoner; (2) has never been to a general population yard; and (3) has never been threatened by a general-population inmate for programming peacefully for protective-custody inmates. Construing the record in the light most favorable to Harris, *see Hittle v. City of Stockton*, 76 F.4th 877, 887 (9th Cir. 2023), any safety risk would arise from his placement in general population, not the IEX program. That Harris sustained injuries in attacks that he threatened and then perpetrated on other prisoners does not support a deliberate-indifference claim here. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("It is not, however, every injury suffered by one

3

prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety.").

The district court did not abuse its discretion in denying Harris's motion for leave to amend the complaint—filed a year after Harris elected to proceed only on the cognizable claims and after the beginning of discovery—to add a new factual allegation against Dr. Kyle related to a May 2018 assessment. *See Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020) (internal quotations and citations omitted, alteration in original) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad."). Moreover, to the extent that Harris attempted to use his summary-judgment briefing to assert the claim, "our precedents make clear that where, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court." *Navajo Nation v. U.S. Forest Servs.*, 535 F.3d 1058, 1080 (9th Cir. 2008).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

4